BRYANT LUMBER COMPANY *v.* STASTNEY.

Opinion delivered September 21, 1908.

1. MASTER AND SERVANT—DUTY TO FURNISH SAFE PLACE.—The duty of a master to furnish his servant a safe place in which to work is one which can not be delegated to another, though it may in fact be performed by the master, by a foreman or by a day laborer. (Page 324.)

2. SAME—PRESUMPTION OF NEGLIGENCE.—In a suit by a servant to recover damages from his master caused by the latter's failure to furnish him a safe place to work, there is no presumption of negligence from the happening of the injury. (Page 324.)

3. SAME—DEGREE OF CARE EXACTED OF MASTER.—A master is required to exercise reasonable care in discovering defects and dangers to which his servant is exposed while at work, and this care must be tested by the business in which the master is engaged and the circumstances surrounding it, and commensurate with its requirements. (Page 324.)

4. SAME—Where a servant sued for injuries received while going to his work, under a vice principal's direction, by the fall of lumber which had been negligently stacked, it was error to refuse to charge the jury that if the vice-principal exercised reasonable care in ascertaining the fact that the lumber had been improperly piled, and acted as promptly as was demanded of a reasonably prudent man in notifying plaintiff of the danger, he was not negligent. (Page 325.)

5. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—Where a servant was injured while going to his place of work by the fall of lumber

87—11

which had been negligently· stacked, the question whether or not the risk was so obvious as to render it a piece of rashness upon his part to go near the lumber should have been submitted to the jury. (Page 325.)

Appeal from Perry Circuit Court; *Robert J. Lea,* Judge; reversed.

*Mehaffy & Armistead,* for appellant.

1. Where a specific instruction clearly applying the law to the facts in the case is refused, even though the law in a general way is covered by other instructions, such refusal is error. 52 Ark. 45; 50 Ark. 545; 69 Ark. 134; 76 Ark. 227; 77 Ark. 128; *Id.* 201.

2. The common-law rule with reference to classification of employees will control in ·this case. The foreman, having no authority to employ or discharge, but only to direct those under him in doing their work, was a fellow servant with appellee, and his negligence, if any, will not be imputed to the company. 58 Ark. 306; 39 Ark. 39.; 42 Ark. 42. See, also, 2 Labatt on Master and Servant, §§ 519, 520, 521; *Id.* p. 1581. The duty to provide a safe place in which to work did not rest upon the foreman in any event. That duty is upon the master only, and is not delegated.

3. It is settled that negligence which contributes to produce the injury complained of precludes recovery. Contributory negligence was a defense in this action. A specific instruction submitting such defense based upon the evidence, was erroneously refused, even if a general instruction had been given embracing this theory. 80 Ark. 454. That which is mere accident only, something which could not reasonably have been anticipated, affords no basis for recovery in case of injury. 79 Ark. 81; *Id.* 437; 82 Ark. 375. The master is not an insurer of the servant's safety, but is held to ordinary care only to provide a safe place in which, and safe appliances with which, to work. 80 Ark. 263.

*Jones & Hamiter,* for appellee.

Under the facts in this case, the defense of fellow· servant cannot apply, even under the common-law rule. Appellant was not only a lumber company, but also operated a railroad. It comes within the provisions of section ·6732, defining it to be a

railroad; also of the fellow servant statutes. *Id.* §. § 6658-6660. And within the lookout statute. *Id.* § 6607. The foreman, having charge of the work, stood in the place of the company, as its representative. If his negligence caused the injury, appellant is liable, unless appellee was guilty of negligence contributing to the injury. 77 Ark. 367.

HILL, C. J. Mike Stastney was a Bohemian, about 20 years of age; and was employed by the Bryant Lumber Company to work in its lumber yards. He spoke but little English. He was employed in piling boards, and the foreman came to him and directed him to go to a different place to work, and he followed the foreman in going to the new duty assigned to him. The lumber company had a spur track running into its lumber yards, upon which they used a switch engine for the purpose of pulling the cars to receive its lumber.

There was a pile of lumber stacked about two feet and a half from the track, a sufficient distance for the engine and cars to clear it, and this lumber had only been stacked about ten minutes prior to the occurrence in question. It was necessary to go over or pass by this pile of lumber in going to the new work assigned to Stastney, and he and his co-worker, who was also directed to go to the new place of work, followed the foreman when he gave them the order to work at the new place. The foreman went on top of this pile for the purpose of seeing that the track was clear. The engine was then within about forty feet of it, and was approaching. The foreman saw that the lumber pile was sufficiently distant from the track to be clear of the engine, but finally noticed that two pieces were sticking out from the lumber pile, about four and a half feet above the ground; and then he knew that the cars would strike the pieces and knock the pile down. He jumped and saved himself, but Stastney did not get off in time, and the pile was knocked down by the engine and injured him.

The lumber had been piled by other laborers who were also under the supervision of the foreman, and the cause of the pile of lumber falling was due to the negligent manner in which these two sticks were allowed to extend over the track or the failure of the employee running the engine to discover that fact. There was a curve near this place, and it is probable that the engineer

in charge of the engine could not have seen the danger. For the injury received Stastney brought suit and recovered judgment in the circuit court, and the lumber company has appealed.

Stastney testified that the foreman told him to come with him and load the car, and he understood that he was ordered to go with the foreman; and he and his co-worker did so and followed the foreman on to the pile of lumber which fell, and received no warning of the insecure position of the pile to which he was carried on his route nor notice from the foreman of the impending danger from the approaching engine.

On the other hand, the foreman testified that he did not tell him to follow him, but merely directed him to go to another pile of lumber to work there; and that his own act of going upon the lumber pile was not connected with carrying these men to their new place of work, but merely to see if the track was clear, which was a part of his duty as foreman of the yard; and he says that, immediately upon discovery of the peril, he gave notice by signs and voice to Stastney.

This conflict as to the facts upon which the case hinges is irreconcilable, and should go to the jury, upon proper instructions, for their determination. The defendant's theory of the case was that the act causing the injury to the plaintiff was due to the negligence of his fellow-servant (this occurred before the passage of the act of March 8, 1907, p. 162). The court refused the in-instruction presenting this theory, and the court was correct in doing so. The fellow-servant doctrine has no place in the case. If Stastney has any action, it is for the failure to provide him with a safe place to work; and the duty resting upon the master to provide a safe place to work is a non-delegatory duty, and is always master's duty, whether performed in fact by the president of the company, a foreman or a day laborer. *Railway Company* v. *Triplett,* 54 Ark. 289; *St. Louis, I. M. & S. Ry. Co.* v. *Inman,* 81 Ark. 591; *Archer-Foster Const. Co.* v. *Vaughn,* 79 Ark. 20.

No presumption of negligence arises from the mere happening of the accident which caused the injury in such actions as these, between master and servant; but the master is required to exercise ordinary care in discovering defects and in repairing them, and in discovering dangers and obviating them. And this

care and prudence must be tested by the business in which the master is engaged and the circumstances surrounding it, and commensurate with its requirements. *Ultima Thule, Ark. & Miss. Ry. Co.* v. *Calhoun,* 83 Ark. 318; *St. Louis, I. M. & S. Ry. Co.* v. *Andrews,* 79 Ark. 437; *Mammoth Vein Coal Co.* v. *Looper, ante* p. 217.

It follows that if the testimony of Stastney is true—and that is a matter for the jury—then the company would be liable if it failed to exercise due care to see that the route over which he was directed to travel in getting to his work was safe; and, if not safe, that he was warned of its danger, and that this danger was not so obvious and patent that he would be guilty of contributory negligence in following the directions of his employer. Upon this theory, and this theory alone, could the plaintiff recover. And hence it is wholly immaterial whether the foreman or some of his co-workers were negligent in stacking the lumber or running the engine against it, for that is not the inquiry; the sole inquiry being whether the master had exercised due care in providing him a safe place to travel to his work, and, if not safe, whether it had warned him of the dangers, unless they were of so obvious a character that every one of common experience must be presumed to take notice of them.

The court refused this instruction: "You are instructed that if the foreman exercised the care of a reasonably prudent man in ascertaining the fact that the lumber was improperly piled, and acted as promptly as was demanded of a reasonably prudent man in notifying plaintiff of the danger, then it cannot be said that the foreman was guilty of negligence." No instruction was given upon this point. This instruction correctly states the law as applied to the facts of this case, and it went to the very core of the controversy. This subject has been recently reviewed in the cases of *Mammoth Vein Coal Co.* v. *Looper, ante* p. 217; *Western Coal & Mining Co.* v. *Garner, ante* p. 190.

The defendant asked several instructions as to the duty of a servant assuming risks which were open to his observation, or dangers readily discoverable by him by the use of ordinary care. Some of these might well have been given; but it is questionable whether the court would have reversed the cause for

failure to give them, because the instructions are not specific, but are general statements of the law on this subject, and seem to take for granted that this was an obvious risk, whereas it is a matter of fact for the jury to determine, and not one of law for the court to determine, as might be inferred from these requested instructions. They rather assume that there was some obvious and patent risk in going upon the lumber pile, and the evidence does not justify that. In fact, the foreman did not discover at once the protruding pieces of lumber; and it may well have been that from Stastney's point of view they could not have been seen or their effect comprehended, while, on the other hand, their disastrous effect might have been so obvious as to render it a piece of rashness to have gone upon the pile. This was a question of fact that should have been sent to the jury. No better exposition of the law on this subject can be found than in the opinion of the late Mr. Justice RIDDICK in the case of *Choctaw, O. & G. Rd. Co. v. Jones,* 77 Ark. 367.

Judgment reversed and cause remanded.