KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* COOK.

Opinion delivered October 23, 1911.

1. MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—WHEN APPLICABLE—In an action by an employee to recover from a railway company for injuries received, an allegation that the injuries were received on a freight train while defendant was running from one State to another is sufficient to show that the injuries occurred while defend- ant was engaged in interstate commerce and while plaintiff was em- ployed therein, though it is not alleged that any freight was being carried from the one State to the other. (Page 472.)

2. SAME—RIGHT TO REMOVE CAUSE TO FEDERAL COURT.—Under the amend- ment to the Federal Employers' Act, approved April 5, 1910, which provides that "no case arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United States," the removal of any cause brought under the act from a State to a Federal court for any purpose or for any ground is forbidden, even though otherwise the cause could be removed on the ground of a diversity of citizenship. (Page 473.)

3. SAME—INJURY TO SERVANT—PRESUMPTION.—The rule that a *prima facie* case of negligence is made against a railroad company by proof of injury caused by the running of a train does not apply in favor of an employee who was injured while engaged in operating the train which caused the injury.    (Page 475.)

4. SAME—PRESUMPTION AS TO DEFECTIVE APPLIANCES.—The statute of Arkansas of March 8, 1911, relating to injuries to employees caused by defective railway appliances, which provides that "when the fact of such defect shall be made to appear in the trial of any action in the courts of this State brought by such employee or his or her personal or legal representative against any such common carrier for damages on account of such injuries so received or death so caused, the same shall be *prima facie* evidence of negligence on the part of such common carrier," does not raise a presumption in case an employee is injured by a moving train unless it is shown that the injury was caused by a defect in the appliances.    (Page 476.)

Appeal from Little River Circuit Court; *Jeff T. Cowling,* Judge; reversed.

*Read & McDonough,* for appellant.

1.    The amendatory act of April 5, 1910, does not prohibit the removal of this cause.    Whether or not the action arises under the act of Congress must be determined from the allegations in the complaint; and if there is any doubt on the question, it must be resolved against the plaintiff.

Where a party brings a suit and desires that it be brought under a certain act, it is necessary that his complaint make all allegations required by the act, so that no question can arise as to the suit being brought under that act. Decennial Dig., Master and Servant, § 256, cases cited; *Id.*    Annual Digest, and cases cited below.    The allegations of this complaint are not sufficient to show that the plaintiff bases his right to recover upon the act of Congress in question. 127 S. W. 1090; 179 Fed. 318; *Id.* 175.

The allegation that plaintiff and defendant were engaged in interstate commerce at the time of the alleged injury is necessary, and can not be supplied by inference.    179 Fed. 318.

· 2.    Even if the suit was brought under the act of April 5, 1910, that act does not prohibit the removal of the cause, and this also is a Federal question sufficient for removal of the cause.    It is the right and duty of the National Government to have its Constitution and laws interpreted and construed

by its own judicial tribunals.  6 Wall. 247;  99 Fed. 605;  49 Mo. 27;  201 U. S. 23.

The amendatory act does not change the original act of Congress authorizing suits to be removed where the defendant is a citizen of another State than that in which the suit was brought.  The Constitution of the United States secures to such defendants an absolute right of removal of their case into the Federal courts upon compliance with the terms of the law.  20 Wall. 445;  art. 3, sec. 2, Const. U. S.

Since plaintiff's right of recovery necessarily depends upon the proper construction of the act of April 22, 1908, as amended by the act of April 5, 1910, a Federal question, and since the petition was filed in apt time, accompanied with a bond as required by law, the court erred in refusing it.  87 U. S. 445.

3.  The court erred in giving instruction No. 1.  Appellee will not be permitted to occupy two inconsistent positions. If, as appellee contends, the suit is brought under the act of Congress, and not under the statute of Arkansas, then the act of Congress must be the sole guide for the determination of his rights, and that act does not make proof of injury by a moving train of the defendant *prima facie* proof of negligence on the part of defendant, thereby placing the burden upon it to show that it was not negligent.  167 Fed. 660.  A State statute is wholly superseded by a Federal statute covering the same subject.  *Id;* 207 U. S. 463.

4.  The court should have given a peremptory instruction for appellant, because,

(a)  The complaint does not state facts sufficient to constitute a cause of action against appellant, in that it fails to show that it failed in some duty owing to the appellee.  A master is not liable for the servant's injury if the master was guilty of no negligence that proximately caused the injury. 76 Ark. 436;  77 Ark. 367;  41 Ark. 382.   There is no implied warranty of the part of the master that the tools furnished the servant are sound and fit for the purposes intended.   The master is only bound to use proper care in providing them.   35 Ark. 602;  44 Ark. 524;  46 Ark. 555.

(b)  There is no evidence to support the verdict.  It fails to show that appellee's injuries were due to any negligence on the part of appellant.  Appellee's testimony only goes to

show that the car floor dropped, and that he fell through and was injured. It does not show that there was any defect, nor that appellant had failed in any duty of inspection, nor that the defect, if any, caused the floor to fall. The circumstances detailed by him do not speak for themselves and authorize the jury to find for the appellee. The doctrine *res ipsa loquitur* does not apply. 181 Fed. 91. The testimony does not show that an inspection would have disclosed the defect.

(c) If appellee relies on the act of Congress, he cannot recover because that act is a nullity. 73 Atl. (Conn.) 754.

*J. I. Alley* and *Elmer J. Lundy,* for appellee.

1. There are sufficient allegations in the complaint to bring the cause within the act of Congress in question. It was not necessary to set out the exact language of the statute in order to bring the action within its purview. 98 Ark. 240. Neither was it necessary to allege that the particular car upon which the injury occurred was engaged in interstate commerce. It is sufficient if the train in which that car moved was engaged in interstate commerce. 184 Fed. 336; *Id.* 737, 739.

The right of removal is not a constitutional right, but statutory. 1 Kent's Com (original) p. 396, 400, (10 ed.) 443, 447; 5 Wheat. 1, 26; 95 U. S. 185, 24 L. Ed. 427; 96 U. S. 201; 95 U. S. 187, 24 L. Ed. 428; 92 U. S. 10, 23 L. Ed. 524; 32 Fed. 708; 103 U. S. 610, 26 L. Ed. 507; 48 Fed. 596. See also 32 Fed. 708; 37 Fed. 821; 58 Fed. 977; 8 How. 441, 449, 12 L. Ed. 1151; 18 Wall. 577, 21 L. Ed. 919; 4 Dall. 10; 7 Cranch 506, 3 L. Ed. 421; 12 Peters 524; 3 How. 236, 245; 187 Fed. 949.

2. If appellee's contention is correct, then this is a State case, to be tried according to the rules, procedure and evidence in the State courts, although the case arose under the act of Congress, and instruction No. 1 was proper. 98 Ark. 240; 219 U. S. 35.

McCULLOCH, C. J. The plaintiff, J. H. Cook, instituted this action in the circuit court of Polk County against defendant, Kansas City Southern Railway Company, to recover damages sustained while plaintiff was at work in the service of defendant as a brakeman on a freight train. The action is brought

under the act of Congress approved April 22, 1908, generally
known as the "Employers' Liability Act," and the amendment
thereto approved April 5, 1910.

It was alleged in the complaint.and proved at the trial
that the plaintiff was swing brakeman on a local freight train
running from Texarkana, Texas, to Mena, Arkansas, and that
he received his injuries in Little River County, Arkansas, while
attempting, in the discharge of his duties, to pass over a dump-
car in the train which is alleged to have been defective and that
the servants of the defendant were negligent in allowing the
car to become defective. The allegations in the complaint
as to negligence of the defendant and as to the manner in which
plaintiff received his injuries are as follows:

"That when plaintiff received said injuries the train was
moving at the rate of about 15 to 16 miles per hour, and plain-
tiff, in passing along on the cars in the same direction the train
was moving, as was his duty to do, started to pass over and
along the said National dumpcar, when the south right floor
of said car fell or dropped with plaintiff, causing plaintiff to
fall through and upon the ground while the said train was thus
in motion, and plaintiff states and alleges that the said National
dumpcar was defective in this, the cogs on the staff of the clutch
of the roller shaft were defective, and the said roller shaft was
sprung until the cogs on the wheel of the said roller shaft would
not fit into the cogs on the winding shaft sufficiently well to
hold up the said floor or to raise the same when down, and also
that the cogs on the winding shaft were defective and would
not fit into the cogs on the wheel of the roller shaft, and the
cogs on the wheel of the roller shaft as well as the cogs on the
wheel of the winding shaft were so defective and in such condi-
tion that it made it dangerous to use said car, and on account
of such defective and dangerous condition of said car plaintiff
states he received his injuries."

The plaintiff recovered damages below, and defendant
appeals.

Within apt time defendant filed its petition and bond for
removal to the circuit court of the United States on the ground
of diverse citizenship of the parties, and also on the ground that
a Federal question was involved in the controversy, being a
construction of an act of Congress. The court overruled the

petition for removal, and the cause proceeded to trial.

The amendment approved April 5, 1910, reads as follows:

"Under this act an action may be brought in a circuit court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencement of such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States, and no case arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

The statute in question provides: "That every common carrier by railroad, while engaging in commerce between any of the several States, * * * shall be liable for any damages to any person suffering injury while he is employed by such carrier in such commerce."

Now, it is insisted, in the first place, that the allegations of the complaint are not sufficient to show that the action was brought under the Federal statute, and that the petition for removal should, therefore, have been granted upon the ground of diversity of citizenship. It is true that the complaint did not at the time of the filing of the petition for removal state in so many words that it was brought under that statute. But that was not necessary, for the statement of facts in the complaint was sufficient to bring the case within the terms of the statute. *St. Louis, I. M. & S. Ry. Co.* v. *Hesterly,* 98 Ark. 240; *Cound* v. *Ry. Co.,* 173 Fed. 527; *Clark* v. *Southern Pacific Co.,* 175 Fed. 122; *Whittaker* v. *Illinois Cent. R. Co.,* 176 Fed. 130.

It is stated in the first paragraph of the complaint that the defendant is a Missouri corporation, and was, on the 4th day of May, 1910 (the date of the injury), engaged "as a common carrier of commerce by railroad between the States of Missouri, Kansas, Oklahoma, Arkansas, Texas and Louisiana, and that said line of railroad runs over, through and across the counties of Little River, Sevier and Polk in the State of Arkansas."

The next paragraph reads as follows:

"Plaintiff further states that, on the said 4th day of May, 1910, he was an employee of said defendant railway company, acting in the capacity of swing brakeman on a local freight train

on defendant's line of railroad out of Texarkana, in the State of Texas, north over its said line into Little River County, in the State of Arkansas. The number of the engine in said train was 465, and said train consisted of about 46 cars, and among them and near the center of this train was a K. C. S. National dumpcar, the number of which was 26,614."

The next paragraph sets forth the manner in which plaintiff was injured while acting in the discharge of his duties as brakeman on the aforementioned train.

We are of the opinion that these allegations are sufficient to show that plaintiff's injury occurred while the defendant was engaged in interstate commerce and while the plaintiff was performing services for defendant in interstate commerce. The allegation is plainly to the effect that the freight train which plaintiff assisted in operating was one running from the State of Texas into the State of Arkansas. This constituted interstate commerce, even though it was described as a local freight train and without a specific allegation that it was then carrying consignments across the State line. If the train was run from one State into another for the purpose of carrying freight from station to station, it was engaged in interstate commerce, even though it does not appear that any freight was actually carried across the State line, for it was the operation of the train for the purpose of carrying freight across the State line, if offered, which constituted interstate commerce. Nor was it necessary for the complaint to contain a statement that the particular defective car which caused the injury was one used in interstate traffic. If it constituted a part of the train at the time plaintiff was injured, and he was then engaged in discharging his duties in operating a train engaged in interstate commerce, it is sufficient. We are of the opinion, therefore, that the allegations of the complaint necessarily brought the case within the terms of the Federal statute.

It is next insisted that this statute does not repeal or affect former statutes giving the right of removal on account of diversity of citizenship and does not deprive the defendant of the right of removal where that ground exists. It is argued that the purpose of the statute in question was to give the Federal and State courts concurrent jurisdiction and merely to prohibit removal on the ground that a Federal question is

involved, and that it was not intended to change the law with
reference to removal on the ground of diversity of citizenship.
It appears to us very clear that this contention is unsound,
and in disposing of it we need only to refer to the plain language
of the statute, which declares that "no case arising under this
act and brought in any State court of competent jurisdiction
shall be removed to any court of the United States." The
language of the statute is emphatic, and admits of no exception
whatever. It evinces a clear intention on the part of the law
makers to give the State courts concurrent jurisdiction with
Federal courts in the enforcement of this statute and to pro-
hibit the removal of *any* action brought under it for any purpose
or on any ground.

It is also contended that the provision of the statute for-
bidding removal of such actions is unconstitutional. The
Supreme Court of the United States has repeatedly held that
the right of removal to the Federal court is statutory, and
that it does not exist, in the absence of an act of Congress
conferring that right. *Houston* v. *Moore,* 5 Wheaton 1; *Gaines*
v. *Fuentes,* 92 U. S. 10; *Insurance Company* v. *Pechner,* 95
U. S. 185; *Amory* v. *Amory,* 95 U. S. 187; *Gold-Washing &*
*Water Co.* v. *Keyes,* 96 U. S. 201.

It is hardly necessary to say that the cause could not be
removed on the ground that a Federal question is involved,
for it is conceded that the statute prohibits a removal on that
ground. It follows, therefore, that the circuit court was cor-
rect in refusing to grant removal and in retaining jurisdiction
of the cause.

The evidence adduced by the plaintiff tended to sustain
the allegations of the complaint and to establish negligence
on the part of defendant which caused his injury. He testified
that it was his duty, as swing brakeman, on leaving a station
to see that the rear brakeman boarded the train before he
boarded it himself, and that as the train left Ogden he waited
to see the rear brakeman catch the caboose, when he also
boarded the train; and as it was his duty to be in the middle
of the train, he had to pass over the dumpcar in question to
reach his part of the train. He stated that when he attempted
to cross over the dumpcar the door, which, when up, consti-
tuted a part of the floor of the car, dropped and let him fall

through. He also testified that it was one of his duties as brakeman to see that the car doors were up and not down.

The evidence adduced by defendant presented a sharp conflict whether the injury could have occurred in the manner claimed by the plaintiff. It tended to show that there was no defect in the car, and that if the defect described in the complaint had existed it could have had nothing to do with plaintiff's injury. The evidence on the part of defendant tended to show that the cogs had nothing to do with holding up the door; that the four doors which constituted the floor of these cars were tested to hold 80,000 pounds, which was 20,000 pounds each; and that they were supported by an arm passing under the floor sufficient to hold up the above-named number of pounds, and that, even if the cogs had been defective, the weight of a single man or a number of men would not have caused the door to drop. The only reasonable inference to be drawn from the testimony of the defendant is that, if the plaintiff was injured by falling through the car, the door could not have been up at that time, but must have been down when the plaintiff attempted to cross, and that, as it was a part of his duty to see that the door was up, the injury was caused by his own negligence, and not that of any other employee of the company. In this state of the case the court, over defendant's objection, gave the following instruction:

"No. 1. You are instructed that if you find from a preponderance of the evidence that plaintiff was injured, and that such injuries were caused by a moving train of the defendant company, then you are instructed that this is *prima facie* proof of negligence on the part of the company."

This court has repeatedly decided, in construing the statutes of this State concerning liability of railroad companies for damages, that a *prima facie* case of negligence is made against a railroad company by proof of injury caused by the running of a train. But this rule has never been applied in favor of an employee who was injured while engaged in the operation of the train which caused the injury. To give the rule such an application would make it possible for an employee, responsible for the running of the train, to create, by his own negligent act, a situation which would raise in his own favor a presumption of negligence against his employer. The rule does

apply, however, in favor of employees who are not engaged in the operation of the train. *St. Louis, I. M. & S. Ry. Co.* v. *Standifer*, 81 Ark. 275; *St. Louis S. W. Ry. Co.* v. *Graham*, 83 Ark. 61; *St. Louis, I. M. & S. Ry. Co.* v. *Puckett*, 88 Ark. 207; *Little Rock & Fort Smith Ry. Co.* v. *Blewitt*, 65 Ark. 235.

This court has steadily adhered to the rule announced many years ago that in cases of this character there is no presumption of negligence on the part of the master, and that it devolves upon the injured servant to show, not only that the appliances furnished were defective, but that the master had notice of the defect. *St. Louis, I. M. & S. Ry. Co.* v. *Gaines*, 46 Ark. 555; *Ry. Co.* v. *Rice*, 51 Ark. 467; *Fordyce* v. *Key*, 74 Ark. 22; *St. Louis, I. M. & S. Ry. Co.* v. *Standifer*, 81 Ark. 277; *St. Louis & S. F. Rd. Co.* v. *Hill*, 79 Ark. 80; *St. Louis & S. F. Rd. Co.* v. *Wells*, 82 Ark. 372; *Chicago Mill & Lbr. Co.* v. *Cooper*, 90 Ark. 331; *Fletcher* v. *Freeman-Smith Lbr. Co.*, 98 Ark. 202.

In *Railway Company* v. *Rice, supra*, Mr. Justice SANDELS, speaking for the court, said:

"The presumption is, that the master has done his duty by furnishing suitable instrumentalities; and when this is overcome by positive proof that the appliances were defective, the plaintiff is met by the further presumption that the master had no notice of the defect, and was not negligently ignorant of it."

In *St. Louis & San Francisco Railroad Company* v. *Wells, supra*, where a fireman, assisting in the running of a train, was injured by the breaking of the drawbar which held the engine and tender together, the court said:

"Negligence of the company can not be inferred merely from the occurrence of the accident. That must be proved, and the burden of establishing it is on the party who alleges it."

All the other cases cited announce the same rule in substantially the same language.

We are bearing in mind in this connection section 2 of an act of the General Assembly approved March 8, 1911 (after the trial of this cause in the lower court), which provides that "when the fact of such defect shall be made to appear in the trial of any action in the courts of this State brought by such employee or his or her personal or legal representative against

any such common carrier for damages on account of such injuries so received or death so caused, the same shall be *prima facie* evidence of negligence on the part of such common carrier."

The inquiry will naturally arise in some cases whether or not this statute has a retroactive effect so as to apply to causes of action which arose before the passage of the act. But it does not enter into the present consideration whether or not the instruction quoted above was proper, for in the present case there was a conflict in the testimony as to whether there was any defect which caused the plaintiff's injury, and this instruction broadly told the jury that if plaintiff's injuries were caused by a moving train this constituted "*prima facie* proof of negligence on the part of the company." So the instruction is incorrect, even in a case where the late statute above referred to applies, for, as we have already shown, that statute only raises a presumption of negligence after it is shown that the injury was caused by a defect in the appliances, etc.

There are numerous other assignments of error, which we need not pass upon, as the questions may not be presented in the next trial.

For the error in giving the instruction hereinbefore quoted the judgment is reversed, and the cause remanded for a new trial.