WHEELER v. ELLIS.

Opinion delivered February 9, 1931.

*J. H. Lookadoo,* for appellant.

*Buzbee, Pugh & Harrison,* for appellee.

MEHAFFY, J. This suit was instituted by appellant against appellees, who are road contractors in Clark County, Arkansas, and appellant was employed by them to dump the trucks as they would come up to the place where gravel was to be unloaded. On the 4th day of December, 1929, one of the employees of appellee drove his truck up to where appellant was, for appellant to dump the gravel. They were using dump trucks, and, as appellant started to unload, he released the catch or hook of the bed of the truck. The hook hung. Appellant did not know it was out of order and gave a jerk to release it and the hook slipped, upsetting a load of gravel and a large rock on the load came down, hit his thumb, and crushed the bone.

Appellant alleged that the appellees were negligent in not having the catch or hook that released the load of gravel in proper shape, that this was the cause of injury to appellant; and that he had suffered great pain and loss of time.

Defendant answered denying the allegations in plaintiff's complaint and alleging that, if plaintiff was injured, it was due to his own negligence or the risk assumed by him, or the negligence of a fellow-servant.

The appellant testified that he was working for the appellees, dumping gravel and keeping time for the gravel haulers, and that in the afternoon of December 4, he dumped the last load of gravel brought by Frank Smith, an employee of appellees. As he started to release the hydraulic brake that would release the load of gravel, the catch hung at the back and did not release. He saw something had to be done to unlatch it or it would throw the truck down the dump about 15 feet. He knocked the latch with his hand, and when he did a big rock came down from the load of gravel and mashed his thumb.

The manager for Ellis & Lewis was there and saw the whole performance. Witness examined the latch on the truck and found that the rod that went to release the latch was bent, and that was what caused the catch to improperly function; does not know when the rod was bent. This was the first time it failed to properly function. Witness thought that whoever loaded it bent the rod. It had been releasing all the time up to this trip. He does not know how it was bent; a rock could have bent it.

At the close of this testimony the court directed a verdict for the appellees, and judgment was entered accordingly. The appeal is prosecuted to reverse said judgment.

Appellant cites and relies on the case of *Gaster* v. *Hicks,* 181 Ark. 299, 25 S. W. (2d) 760. In this case the court refused to give the following instruction: "You are instructed that the defendant is not responsible for the negligence of a fellow-servant or employee, even in the event you find that such negligence may have been proved in this case."

This court held that it was not error to refuse to give the above instruction because the negligence complained of and proved was not the negligence of a fellow-servant, but of the master himself. We also said, if it had been some negligent act of Fowler at the time of the injury, which in any way caused the appellee to fall into the fly-wheel, then the instruction would have been proper, but the negligence, if any, was the failure of the master to furnish reasonably safe machinery with which to do the work. This is a duty of the master which he cannot delegate so as to avoid liability.

The court also said in the above case: "The evidence shows that the tractor was old and worn and had to be continuously repaired in order to keep it in working order, and that on the day before the injury to the appellee it was being repaired and the timer was being adjusted. The evidence shows that the ignition system was poor, Fowler explaining that, if it had not been, the tractor could have been started easily by one individual,

but that it required, in its condition, the efforts of two to get it started. * * * The mechanic did not testify.''

The facts in the instant case are very different. In this case there is no evidence of negligence of the master, and the appellant himself testifies that at the time he dumped the load, which was brought just before the time of his injury, there was no defect and nothing about the rod that prevented it releasing properly. There was therefore no defect that the master could have known about. It is true the appellant testified that the manager was right there and saw the performance, but he does not say that the manager gave him any directions or that the manager had an opportunity to say or do anything. The manager, like the appellant, of course thought that there was no defect, and the appellant, when he undertook to release the load, did not know what the cause was or whether there was any defect.

This suit is based on the negligence of the master, and, in order that the injured party may recover, he must show some act of negligence of the master that caused the injury complained of.

Negligence in this sense means the violation of some duty that the master owed to the servant, and, to entitle the servant to recover, he must show that the conduct of the master was negligent or that he violated some duty which he owed to the injured servant. Nothing of the kind is shown in this case.

It is true that the servant has a right to assume that the master has performed his duty, but it is also true that, unless the evidence shows to the contrary, the master is presumed to have performed his duty, and, as this court has repeatedly said, ''no presumption of negligence arises from the mere happening of the accident which caused the injury.'' *Bryant Lumber Co.* v. *Stastney,* 87 Ark. 321, 112 S. W. 740.

It is contended by appellant that, if the master had tried, he could and would have known that the latch was not in safe condition. How could the master have known this? The appellant himself says that it was in safe

condition when he dumped the last load, and there is no possible way in which the master could have known about any defect.

This court has said: "The action, like all others brought by the servant against his master for personal injuries sustained in the course of his employment, is based on actual negligence in the defendant, or in those who represent it. * * * The presumption is that the master has done his duty by furnishing safe and suitable appliances for the performance of his work. And when this is overcome by positive proof that the appliances were defective, the plaintiff is met by a further presumption that the master had no notice of the defect and was not negligently ignorant of it. It is not sufficient to show that the plaintiff was injured, and that the injury resulted from a defect in the machinery; but he must go further and establish the fact that the injury happened because the master did not exercise proper care in the premises." *St. Louis, I. M. & S. R. Co.* v. *Gaines,* 46 Ark. 555; *Graysonia-Nashville Lumber Co.* v. *Whitesell,* 100 Ark. 422, 140 S. W. 592; *Kansas City So. Ry. Co.* v. *Cook,* 100 Ark. 467, 140 S. W. 579.

In an action by a servant based on the negligence of the master, the servant, in order to recover, must show some act of negligence on the part of the master and that that negligence caused the injury complained of.

In this case there is no negligence on the part of the master shown, and it was therefore the duty of the circuit court to direct a verdict for the plaintiff. The judgment is affirmed.