KEMP *v.* HUNTER TRANSFER COMPANY.

Opinion delivered June 22, 1931.

14

16

*Will Steel* and *T. B. Vance,* for appellant.

*W. H. Arnold, W. H. Arnold, Jr.,* and *David C. Arnold,* for appellee.

KIRBY, J., (after stating the facts). In *Wheeler* v. *Ellis,* 183 Ark. 133, 35 S. W. (2d) 64, where the negligence of the master was alleged to consist in the failure to exercise ordinary care to supply the servant with safe tools or appliances with which to do his work, the court said: "The action is founded on the alleged negligence of the master in failing to exercise ordinary care to furnish the servant with a safe tool or machine with which to do the work, the presumption being that the master has done his duty in the furnishing of such appliance, but, when this presumption is overcome by proof that the appliances were defective, there is a further presumption that the master was without notice or not negligently ignorant

of it, and the showing that the injury resulted from a defect in the machine, without evidence that the injury occurred because the master did not exercise proper care in furnishing the machine or having the repairs made thereon after notice, is not sufficient to establish a *prima facie* case or to support a recovery."

In *Railway* v. *Brown,* 67 Ark. 304, 54 S. W. 865, the court, quoting with approval an extract of the opinion in *Railway* v. *Gaines,* 46 Ark. 455, said: "Now notice of the alleged defect, or, what amounts to the same thing, the means of knowledge which the company failed to use, was a material fact which was necessarily involved in the verdict. Consequently, as no testimony was given from which the jury could infer that the company knew, or might by reasonable diligence have discovered, the defect in time to remedy it and prevent the casualty, the verdict is not supported by sufficient evidence."

In *Wheeler* v. *Ellis, supra,* a suit for damages for alleged negligence in respect to furnishing safe tools and appliances to the servant with which to do his work, and where the verdict was directed against the plaintiff, the court said: "It is true that the servant has a right to assume that the master has performed his duty, but it is also true that, unless the evidence shows to the contrary, the master is presumed to have performed his duty, and, as this court has repeatedly said, 'no presumption of negligence arises from the mere happening of the accident which caused the injury.' *Bryant Lumber Co.* v. *Stastney,* 87 Ark. 321, 112 S. W. 740. * * * 'It is not sufficient to show that the plaintiff was injured, and that the injury resulted from a defect in the machinery, but he must go further and establish the fact that the injury happened because the master did not exercise proper care in the premises.' *St. L., I. M. & S. R. Co.* v. *Gaines,* 46 Ark. 555; *Graysonia-Nashville Lumber Co.* v. *Whitesell,* 100 Ark. 422, 140 S. W. 592; *K. C. Sou. Ry. Co.* v. *Cook,*

100 Ark. 467, 140 S. W. 579." See also *Central Coal & Coke Co.* v. *Lockhart*, 161 Ark. 97, 256 S. W. 37.

In *Missouri & North Ark. Rd. Co.* v. *Vanzant*, 100 Ark. 465, 140 S. W. 587, the court said: "Where a servant knows the methods that are adopted by the master, the place furnished in which to work and the appliances with which it is done, and continues in the employment without complaint, he assumes the risks which may result from such known methods and appliances." *Railway Co.* v. *Kelton*, 55 Ark. 483, 18 S. W. 933; *Patterson Coal Co.* v. *Poe*, 81 Ark. 343, 90 S. W. 538; *St. L., I. M. & S. R. Co.* v. *Goins*, 90 Ark. 387, 119 S. W. 277; and *Graham* v. *Thrall*, 95 Ark. 560, 129 S. W. 532.

There is no evidence of negligence of the master in failing to exercise ordinary care to furnish the servant with a safe appliance with which to do his work, except as the inference may arise from the fact of the injury to plaintiff from a defect in the rim and the explosion of the tire, which does not overcome the presumption that the master performed his duty in exercising ordinary care in the furnishing of such appliance and in having the repairs made thereon. The undisputed testimony shows that the rim, upon which the new casing was mounted, had been used on the wheel of the truck the day before on its run to Alexandria. That the casing thereon "blew out," and the necessity for repairs was caused thereby. The old casing was still on the rim when it was returned and reported for repairs, and the lock ring still in place on the rim. Appellee company, having no means for making repairs of its trucks and tires, sent it to Dixon & Horney, Inc., independent contractors with whom it had a contract for doing such work, as was their custom, for repairs, and, being advised by them that a new casing was needed, directed that one be put on. Dixon & Horney were experienced and skilled mechanics, reputed to be "the best repairmen in the city," accustomed to making such repairs. They mounted the new casing on the rim and returned it in the afternoon to appellee's place of

business in apparently first class condition, putting it on the platform in front for use next day on the truck.

There was no testimony indicating or tending to show that the repairs were not properly made, while there is much testimony showing they were carefully and well done, with proper inspections before and after completion thereof.

Thomas, of appellee company, and also Mr. Hunter, saw the mounted rim after its return from the shop, and it appeared to be all right; could discover nothing wrong with it. Appellant also said he examined it, and it appeared to be all right, and that he could discover nothing wrong with it. There was no method of making an inspection of the tire after it was returned repaired that would have discovered whether the lock ring was not properly seated, if such was the fact, in the groove therefor, as the foreman at the repair shop testified was the case when the tire was assembled, without tearing it down again; and, as already said, the manager of appellee company, Mr. Hunter, and the appellant himself, all observed it, found it to be apparently all right and "could find nothing wrong with it."

The master's duty to exercise ordinary care in repairing and making safe the appliance for appellant's use in the performance of his service was fully discharged by his sending the appliance to Dixon & Horney, Inc., independent contractors, experts in that line, for making the repairs, and the showing by them of how the repairs were made and the inspections thereof by the repairers in the making and completion of the repairs and the return of the tire to appellee company in apparently first class condition, with the new casing mounted on the rim. *O'Donnell* v. *Bourn,* 38 Mo. App. 245; *Runyan* v. *Goodrum,* 147 Ark. 481, 228 S. W. 397, 13 A. L. R. 1403; *Devlin* v. *Snell,* 89 N. Y. 470, 42 Am. Rep. 311; *McClaren* v. *Weber Bros. Shoe Co.,* 166 Fed. 714.

There was no testimony showing any failure to exercise ordinary care in having the repairs made or neg-

ligence on the part of appellee in furnishing appellant with the appliance as repaired for use in the performance of his service. The testimony being undisputed, the court did not err in instructing the verdict.

The judgment is affirmed.