BURDEN *v.* HUGHES.

4-2790

Opinion delivered December 19, 1932.

*Cockrill & Armistead* and *R. E. Wiley,* for appellant.

*Beaumont & Beaumont, J. A. Watkins* and *T. N. Robertson,* for appellee.

MEHAFFY, J.   The appellant, George H. Burden, is a contractor, and had the contract to tear down and remove an old building at Fourth and Louisiana streets and to erect a new building.   The old building had to be taken down before the new one could be built.   He had had experience in wrecking buildings and doing work of this kind.   At the time he was tearing down the building on Fourth and Louisiana streets he had several jobs going on, and was therefore at this job only occasionally, something like once a day.   He was on the job when the accident happened, and had been there fifteen or twenty minutes.   The appellee, C. C. Hughes, is 37 years old, and was in the employ of appellant working under Mr. Harry Haws, who was the foreman for the appellant. The roof had been torn off by the laborers, and, when Hughes came to work Monday morning, he was put to work cleaning up lumber.   He went to work about the center of the north side of the wall that fell.   He worked there cleaning up that lumber all day except for a few minutes when he was called away by the foreman to clean some 2 x 6's.   At the time of the accident, appellee was working north of the wall, pulling nails and cleaning lumber there, and, while he was stooped over picking up some lumber, the wall fell on him and injured him.   There is no dispute about the injury or its extent.

Appellee brought suit in the Pulaski Circuit Court alleging that appellant was a contractor and engaged in construction work at the southwest corner of Fourth and Louisiana streets in the city of Little Rock on the 3d day of August, 1931.   That on that day about 4 o'clock in the afternoon appellant directed all work to cease in tearing down the building which was then being removed.   After said work had been stopped by orders of the foreman, appellee with two other employes were directed by the foreman to pick up pieces of timber and clean them and pick up trash near one of the walls of said building.   While so engaged and while acting under the immediate orders of the foreman in charge of said

work, said wall fell upon appellee, breaking his collar bone in two places, breaking eleven ribs, puncturing his lungs, crushing and breaking his right elbow, pelvis, chest and stomach, injuring him internally, inflicting numerous cuts and bruises on his body, hands and legs, from which he suffered pain and from which he will so continue to suffer. That the injuries are permanent, and that he will not be able to do any kind of work again. Appellee was 37 years old and earned from $5 to $8 per day, and he had lost in earnings $4,600 and had been damaged in the further sum of $50,000 on account of his pain and suffering. It was alleged that his injuries were due to the negligence of appellant as follows: (1) It was the duty of the defendant to use reasonable care to provide for plaintiff a reasonably safe place in which to work. In this he negligently failed, in that he negligently and carelessly removed the I-beam and the window frame and all other supports of the wall which fell upon plaintiff and injured him, thereby caused said wall to fall and result in injury to the plaintiff above described. (2) The foreman of defendant negligently and carelessly directed plaintiff to perform work near said wall, both he and the defendant being present, looking on, directing and supervising the work done by the plaintiff, when they knew or by the exercise of ordinary care could have known that said wall was dangerous and likely to fall.

Appellant filed answer denying all the material allegations in the complaint and pleading contributory negligence and assumption of risk.

There was a jury trial, and a verdict and judgment in favor of plaintiff for $5,000. The case is here on appeal.

The appellant concedes that the master must exercise ordinary care to furnish a safe place to work, but contends that this rule is not applicable here because appellee was a member of a wrecking crew which was demolishing a building, and the work itself which he engaged to do constantly changed the working place and created hazards, and these were ordinary risks incident to his employment, which he assumed. In other words,

the contention is that the appellee assumed the risk because he was a member of the wrecking crew which was constantly changing the working place. The undisputed evidence is that the appellee was not working on or about the wall at all, but was 12 or 14 feet away from the wall cleaning up lumber and had nothing to do with tearing down the wall. The appellee testified that he did not help take the joists down because Haws, the foreman, saw him there and told him after he got the paper off to go ahead and take the sheeting off. That Haws was there directing the detail work. Hughes testified that he thought he was in a safe place, and was working under the direction of the foreman Haws, and there was nothing to cause him to believe there was any danger. The appellant and Haws, the foreman, both testified that the posts were rotten at the bottom and this caused the wall to fall. Neither of them had investigated to see if there was any danger, and Haws testified that the laborers must make their own place safe as they go and guard against pitfalls. He did not advise any of the laborers that there was any danger of the walls falling. He said he did not know it. He did not make any investigation, but testified that what happened showed that an investigation should have been made. Numerous authorities are referred to, but this question has been settled by decisions of this court, and we deem it unnecessary to review or discuss all the authorities referred to by appellant. The undisputed evidence in this case shows that the appellant was tearing away the building, and that the work was under the direction and control of Mr. Haws, the foreman, and, at the time the wall fell and injured appellee, both appellant and the foreman were present, and both of them admitted in their testimony that the rotten posts were the cause of the wall falling, and they both admitted that no investigation had been made to determine whether the posts were rotten or whether there was any danger of the wall falling. We have said: ''The master is required to exercise ordinary care in discovering defects and in repairing them and

in discovering dangers and obviating them. And this care and prudence must be tested by the business in which the master is engaged and the circumstances surrounding it and commensurate with its requirements." *Bryant Lbr. Co.* v. *Stastney,* 87 Ark. 321, 112 S. W. 740.

"Although the defense of assumption of risk is established as a part of the law and will be applied in all cases fairly within the rule, it is nevertheless not a favored doctrine, but at best is artificial and harsh and should not be extended beyond its reasonable limits." 39 C. J. p. 689.

Where the injured employee provides the place to work himself or where his work so changes the place as the work progresses as to make it dangerous and this changing of the work causes injury without the negligence of the master, the injured employee cannot recover. In other words, he assumes this risk, but here the master was directing the work, and the injured employee had nothing to do with its direction and no knowledge of any danger, and it was not his duty to inspect the wall to determine whether there was danger. It was, however, the duty of the master to take such precautions as a person of ordinary prudence would have taken under the circumstances to protect the employee.

"Where there is any evidence justifying an inference that the defect or danger was known or ought to have been known by the defendant, the question whether he took reasonable precautions to guard against the defect or danger is generally a question for the jury." 45 C. J. p. 1325.

In this case the appellee was not changing the place in any way, but the place was being changed at some distance from appellee under the direction of the foreman himself. The rule contended for by appellant, if adopted, would relieve the master from all liability for injury to servants tearing down a building, no matter how negligent the master himself might be. Such a rule has never been adopted by the courts. It is the duty of the master to make inspection for all latent or concealed

defects beyond the knowledge of the employee. It is the duty of the master to make proper tests and inspections to discover dangers, and the employee has a right to assume that this duty has been performed by the master, and whether in any particular case the employer has discharged his duty with respect to making proper test and inspections is ordinarily a question for the jury.

. The appellant earnestly insists that the progress of the work in which the appellee and his co-laborers were engaged was constantly changing and that the appellee therefore assumed the risk. The evidence shows that in the progress of the work which the appellee was doing there was no change, and it was simply a question whether the master was guilty of negligence causing the injury.

It is next contended that the court erred in admitting testimony as to the unsound condition of the studding and floor joists because he says there was no allegation in the complaint that the floor joists were rotten. Any evidence tending to show the cause of the wall falling was competent. Moreover, both the appellant and the foreman testifying for the appellant said that the posts were rotten, and that this caused the wall to fall.

It is next contended that the court erred in giving instruction No. 1 requested by appellee, because the complaint does not ask a recovery for failure to warn appellee. This is not an independent ground for recovery in any sense. It was the duty of the master to exercise proper care to prevent injury to the appellee, and the foreman and appellee testified about warning without objection.

Objection is made to instruction No. 7 and No. 10 also. The objection to No. 7 was that it was misleading in telling the jury that it was the employer's duty to refrain from any act which would render the employee's working place more insecure, and that, even though the master did not furnish a safe place, it. was his duty to contribute towards making it a safe place. An objection was made to No. 10 because it repeated the alleged error of submitting the failure to warn as a ground for re-

covery. We do not think the court erred in giving either of these instructions. As we have already shown, it was the duty of the master not only to exercise reasonable care to furnish a safe place to work, but it was his duty to exercise ordinary care in discovering defects and in repairing them and in discovering dangers and obviating them. *Bryant Lbr. Co.* v. *Stastney, supra.*

It is next contended by appellant that it was a mere accident which ordinary foresight could not anticipate, and that no negligence was proved. The evidence shows conclusively that, by the exercise of ordinary care and proper inspection, it could and would have been discovered that the posts were rotten, and this precaution was not taken. The negligence of the appellant was a question of fact properly submitted to the jury, as was also the question of assumed risk and contributory negligence of appellee.

We find no error, and the judgment is affirmed.