DELIGHT LUMBER COMPANY *v.* HENDERSON.

Opinion delivered November 4, 1912.

1.  MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.—Though a defect in a wagon furnished a servant for his use was patent, the servant was not guilty of contributory negligence, as matter of law, in using it if the danger was not so obvious that a man of ordinary prudence would not have used it while in that condition. (Page 337.)

2.  SAME—DEFECTIVE APPLIANCE—ASSUMED RISK.—Where the defect in a wagon furnished a servant for his use was not common to all the other wagons in the master's service, its use did not constitute one of the ordinary risks of the service, and was not assumed by the servant unless he knew of it and appreciated the danger therefrom. (Page 337.)

3.  INSTRUCTIONS—REPETITION.—It was not error to refuse an instruction which was sufficiently covered by other instructions which the court gave. (Page 338.)

4.  MASTER AND SERVANT—INSTRUCTIONS—EVIDENCE.—In an action for injuries to a servant while riding on and driving a log wagon, the court refused to instruct that it was the master's duty to exercise ordinary care to provide his servant with a reasonably safe appliance with which to discharge the duties of his employment, and that in determining whether or not the master had discharged his duty in this respect the surrounding circumstances must be considered, so that, if the wagon in question was not intended by the master as a conveyance for the servant but

only as a vehicle for hauling logs, the master did not owe the plaintiff any duty with respect to rendering such wagon safe as a conveyance for plaintiff to ride upon. The evidence for defendant tended to show a rule against riding on such wagons, but that for plaintiff tended to prove that if such a rule existed it was habitually violated with the knowledge of those in charge of the company's business. *Held* that the instruction, though abstractly correct, was erroneous in ignoring the issue raised as to the abrogation of the rule. (Page 339.)

Appeal from Pike Circuit Court; *W. P. Feazel*, Special Judge; affirmed.

*T. D. Wynne*, for appellant.

1. The evidence is not sufficient to establish any causal relation between the alleged broken fifth-wheel and the injury complained of. The conclusion that the appellee, occupying the precarious position the evidence shows he was in, balanced on the end of a log, his back toward the right-hand side of the road, his feet hanging down by the left side, fell over backwards on the right side of the wagon as the result of its left wheel striking a root at the same time the right wheel fell into a rut, is as consistent with the facts as the theory urged by appellee that the bolster dropped down into the broken fifth wheel and that without such happening the accident would not have occurred. Appellee, therefore has made out no case, and the jury should have been so instructed. 76 Ark. 346; 76 S. W. 502; 48 S. W. 439; 2 Labatt, Master & Servant, § 837.

2. Instruction 6, requested by appellant, is a correct declaration of law as applied to the facts in this case, and the court erred in refusing to give it. 46 Ark. 555; 74 Ark. 19; 79 Ark. 437; 90 Ark. 326.

Where a specific instruction clearly applying the law to the facts in a case is refused, such refusal is error, even though the law in a general way is covered by other instructions. 87 Ark. 323; 80 Ark. 455; 69 Ark. 134.

3. The court erred in refusing instruction 8, requested by appellant.

4. Instruction 11, requested by appellant, should have been given. The exercise of ordinary care only is required of an employer in providing instrumentalities that are reasonably safe for the purposes for which they are intended. 107

S. W. 661; 22 S. W. 1081; 124 N. Y. 655, 26 N. E. 1027; 1 Labatt, Master & Servant, § 26.

*J. O. A. Bush*, for appellee.

McCULLOCH, C. J. Appellant is engaged in the sawmill business at Delight, Arkansas, and appellee, while engaged in the former's service, received personal injuries alleged to have been caused by negligence of the employer, and sues to recover compensation therefor. He recovered judgment below for damages in the sum of $1,250, and an appeal has been prosecuted to this court, numerous errors of the trial court being assigned.

Appellee, when injured, was driving a team of oxen and hauling logs from the woods to the skidway. He was riding on the wagon at the time, and the bolster tilted or dipped and threw him to the ground, one of the wheels striking him on the side of the face, inflicting severe injury. It is alleged that the tilting of the bolster resulted from the defective condition of the fifth wheel of the wagon, which permitted the bolster to drop down into the broken place and tilt. The evidence tends to show that a piece was broken out of the fifth wheel about a foot long, which left a gap between the bolster and hounds of the wagon, and that when the wagon was passing over uneven ground the bolster would drop down into the broken gap, sometimes causing the logs to roll off. Appellee had been working for appellant at times for several years, and on the day that he was injured he had been working there for two days, hauling logs. Appellant had a number of wagons for the use of log haulers. Some of them were eight-wheel wagons, equipped with fifth wheels, and some of them were four-wheel wagons. The fifth wheel is described as "a circular piece of iron, some thirty inches in diameter, situated beneath the rocking bolster half a foot, extending in a semicircle in front of the rocking bolster a half foot behind the bolster." Appellee had used both kinds of wagons, but during the period of his last service he had, before the time of his injury, only used a four-wheel wagon, and this particular wagon with the broken fifth wheel was furnished to him early in the morning of that day, and he was making his first trip when he received the injury. He testified that he had

not used this wagon before, and did not know of its defective condition until he received the injury. The testimony tended to show that a piece eight or ten inches long was broken out of the fifth wheel. It was a defect which was readily discernible to any one who looked. In other words, it was a patent defect. Appellee testified that he was driving along the road, when the wagon gave a tilt, the wheel of the wagon struck a small root, and the bolster dropped down and tilted so as to throw him to the ground.

It is earnestly insisted, in the first place, that the evidence does not sustain the verdict, in that it does not show that the tilting of the bolster was caused by the defect. A careful consideration of the evidence convinces us that this is a question which was properly left to the jury, and that there was sufficient evidence to justify the verdict. It is true, appellee testified that he did not know what caused the bolster to tilt over, and, so far as that statement is concerned, it may just as well be inferred that the tilting of the bolster was caused by the wheel striking the root as it was caused by the defect in the fifth wheel. But this omission is supplied by the positive statement of appellee that the bolster dropped down, and, considering this in the light of the testimony of other witnesses, the inference could properly be drawn that the tilting of the bolster was caused by its dropping down into the broken gap, and not by the wheel striking the root. The jury could, from the evidence, have found that either of the two things mentioned caused the plaintiff to be thrown from the wagon; but, if the statement of appellee be accepted as true, that, together with the other testimony, afforded substantial ground for the inference that it was caused by the defect in the fifth-wheel, and that it did not result merely on account of the wheel running over a root.

The state of the testimony also warranted the submission to the jury of the question of appellant's negligence in furnishing its servant the wagon with a broken fifth-wheel, and also the question of appellee's contributory negligence and assumption of risk. The defect in the wagon was a patent one, but the danger was not so obvious that a man of ordinary prudence would not have used it in that condition. Therefore, it can not be said as a matter of law that appellee was guilty of

contributory negligence in failing to discover the defect and in using the wagon in that condition. The facts of the case, when subjected to the test of what constitutes contributory negligence, called for the submission of that question to the jury. Nor can it be said, as a matter of law, that appellee assumed the risk. The defect in this particular wagon, though patent to all observers, was not one common to all the other wagons in service, and therefore the use of it did not constitute one of the ordinary risks of the service which appellee assumed under his contract. *Choctaw, O. &. G. Rd. Co.* v. *Thompson*, 92 Ark. 11. He did not contract to use this particular wagon, and the use of it in that condition resulted from the negligence of the master, which was a risk not assumed by the servant unless he knew of the defect and appreciated the danger of using the wagon in that condition. *St. Louis, I. M. & S. Ry. Co.* v. *Birch*, 89 Ark. 424; *St. Louis, I. M. & S. Ry. Co.* v. *Corman*, 92 Ark. 102; *A. L. Clark Lumber Co.* v. *Johns*, 98 Ark. 211.

The next assignment of error is based on the refusal of the court to give the following instruction:

"6. You are instructed that the burden of proof rests upon the plaintiff to establish his claims to damage by a preponderance of the evidence. You are to indulge the presumption that the defendant was not guilty of negligence set out in plaintiff's complaint, namely, that of furnishing a defective fifth-wheel in the wagon which the plaintiff was using when he is alleged to have sustained his injury, and that this presumption attends it throughout the trial until it is overcome by evidence. If, after a consideration of all of the evidence, you find that the plaintiff has failed to make out his case, by the preponderance of the testimony, then your verdict will be for the defendant."

This was a correct instruction, but we think it was sufficiently covered by others which the court gave.

Appellant requested the following instruction, among others, and the court refused to give it, this being assigned as error:

"8. You are instructed that there was no duty resting upon the defendant to point out defects and dangers which were open, patent and easily seen. If you believe from the

evidence in this case that the fifth wheel of the wagon was in a defective and broken condition, and that the plaintiff knew of the defective condition, he assumed the risk arising from the use of the defective fifth wheel.  If he did not know it, but you find by the exercise of ordinary care he could have known it, then the court tells you that he was guilty of contributory negligence in failing to know it; and in either event your verdict will be for the defendant."

This instruction is incorrect, and was properly refused for two reasons.  In the first place, it was incorrect in telling the jury that, if plaintiff knew of the defective condition of the wagon, he assumed the risk arising from using it.  This is not true.  The defect having been caused by the negligence of the master, the servant did not assume the risk unless he appreciated the danger.  He might have known that such a defect existed, and yet the danger might not have been so obvious that he must be deemed to have appreciated it and held to an assumption of the risk.  See authorities *supra.* It was also erroneous in telling the jury that the servant was guilty of contributory negligence if by the exercise of ordinary care he could have discovered the defective condition of the fifth wheel.  Even if the defect was an obvious one and could have been discovered by the exercise of ordinary care, yet, if the danger was not such as would have caused a man of ordinary prudence to desist from the use of the wagon, then it can not be said that he was guilty of contributory negligence in using it.  So, for both of these reasons, the instruction was incorrect, and the court properly refused to give it.

The next and last assignment of error is that the court refused to give the following instruction:

"11.    You are instructed that it is the duty of the master to exercise ordinary care to provide his employee with a reasonably safe appliance with which to discharge the. duties of his employment; and in determining whether or not the master has discharged his duty in this respect you are to take into consideration the facts and. circumstances surrounding the employment and the purpose for which the appliance is intended.    If you believe from the evidence in this case that the wagon in question was not intended by the employer as a conveyance upon which the employee should ride in the

discharge of the duties of his employment, but was intended as a vehicle for hauling logs only, then you are instructed that the defendant did not owe plaintiff any duty with respect to rendering this wagon safe as a conveyance for plaintiff to ride upon."

This instruction, while correct as an abstract statement of the law, was improper in this case because it entirely ignored one of appellee's principal contentions, namely, that it was customary for the men to ride on the wagon while hauling logs. There was a sharp conflict in the testimony; that adduced by the appellant being to the effect that there was a positive rule of the company against men riding on the wagons; whereas the testimony adduced by appellee tended to establish the fact that, even if such a rule had been prescribed by the company, it was habitually violated with the knowledge of those in charge of the company's business, and in that way had been entirely abrogated. Appellee was entitled to have that controverted question submitted to the jury upon proper instructions, and it would have been erroneous to give instruction No. 11, for the reason that it entirely ignored that issue, and in effect took it away from the jury.

None of the assignments of error pressed upon our attention is found to be well taken, and it follows therefore that the judgment must be affirmed.

It is so ordered.