LONG *v.* ELLIS.

Opinion delivered February 9, 1931.

138

*J. H. Lookadoo,* for appellant.

*Buzbee, Pugh & Harrison,* for appellee.

KIRBY, J. This appeal comes from a directed verdict against appellant in an action for damages for personal injuries suffered while operating a grader machine on the construction of a road, which appellees were building for the State under contract.

The facts, stated briefly, are that appellees were engaged in the construction of Highway No. 8, between Amity and Arkadelphia in Clark County. Appellant was in their employ operating a grading machine which was drawn by a caterpillar tractor. He was an experienced operator of both tractor and grader, having been engaged in such work for several years prior to the injury. The tractor was operated by a man by the name of House, and was a practically new machine, having only been purchased from the factory for three or four months. Appellant and House were engaged in the work without supervision of any one else and would come from Amity in the morning to where the tractor and grader had been left the night before at the conclusion of the work and operate the machines during the day on the highway, returning to Amity in the evening. At the time of the injury, they were making a "U" turn on the road which was about 36 feet wide. In turning the grader around in the highway appellant used the crank appliance which is similar to the steering wheel on an automobile. The operator of the tractor pulling the grader in making the turn had to shift to a lower gear. While he was shifting the gear for turning the tractor and as appellant was moving the steering wheel of the

grader to cause it to turn, the clutch of the tractor stuck or "grabbed," causing an abrupt jumping movement of the grader throwing appellant's hand off the wheel and striking it against some of the machinery mashing his finger.

The negligence complained of was that the clutch of the tractor was defective, and that appellees had not exercised ordinary care to discover the defect and remedy the same. It was the duty of the operator of the grader and the tractor to keep their machines in running order or operating condition so far as minor repairs and adjustments were concerned, reporting only such conditions as they were unable to repair to the foreman, who would have a mechanic from Little Rock sent down to service the tractor. The operator of the tractor said he noticed the clutch was grabbing for a day or two before the injury occurred, but had not taken time to fix it. "Ordinarily when the clutch would get loose the operator would tighten it." He said that it had not been grabbing so badly and causing the tractor to jump so much the two days before the injury as it did at the time it occurred. They continued their operations after the injury, and had no more trouble with the tractor that day, but they did not have to make any complete turns. Nothing was said to the appellees or the foreman in charge by either appellant or House about anything being wrong with the tractor, and on the evening of the day that the injury occurred appellant and House on their own motion fixed the clutch, repairing the machine themselves. They put in some washers and lining that the factory had furnished with the machine, after which it worked all right. The plaintiff continued to work after the doctor had treated his finger, although the doctor said he should rest. Appellees needed his services in operating the grader and, he said, threatened to discharge him unless he continued to work when he could. The injury was very painful and finally because of the continuation of work became infected and caused him much pain and suffering.

The court directed a verdict in favor of appellees, and from the judgment thereon the appeal is prosecuted.

Appellant's right to recover was dependent upon whether appellees were negligent in failing to provide him with a reasonably safe machine for operation in doing the work required. He had the right to rely upon the assumption that the master had performed his duty in exercising ordinary care to furnish him a safe tool or appliance with which to do the work in the absence of any knowledge on his part to the contrary. *Asher* v. *Byrnes,* 101 Ark. 197, 141 S. W. 1176.

In *Bryant Lumber Co.* v. *Stastney,* 87 Ark. 324, 112 S. W. 740, the court said: "No presumption of negligence arises from the mere happening of the accident which caused the injury in such actions as these between the master and servant, but the master is required to exercise ordinary care in discovering defects and repairing them and in discovering dangers and obviating them."

The undisputed testimony shows that appellant and House, the operator of the tractor drawing the grader, whose duty it was to make such minor repairs or adjustments thereon as he could make, did adjust the clutch on the evening after the injury occurred in the afternoon by putting in a small bolt and some washers, and also that no report of any defective condition in the tractor or need of repair thereof had been made to appellees, the contractors, by whom both appellant and House were employed in operating the machines in a common undertaking for the grading of the road and were fellow-servants in such work. There is an intimation in the testimony that a member of the appellee firm had operated the tractor a day or two before appellant was injured and might have burnt out the machinery and injured the clutch, but there was no testimony showing appellees had notice that there was such defective condition. The action is founded on the alleged negligence of the master in failing to exercise ordinary care to fur-

nish the servant with a safe tool or machine with which to do the work, the presumption being that the master has done his duty in the furnishing of such appliance; but when this presumption is overcome by proof that the appliances were defective, there is a further presumption that the master was without notice or not negligently ignorant of it, and the showing that the injury resulted from a defect in the machine, without evidence that the injury occurred because the master did not exercise proper care in furnishing the machine or having the repairs made thereon after notice, is not sufficient to establish a *prima facie* case or to support a recovery. *Wheeler* v. *Ellis & Lewis, ante* p. 133.

Since there is no substantial testimony showing negligence on the part of the master, the appellant was not entitled to recover, and the court did not err in directing the verdict accordingly. The judgment is affirmed.