NORTON & WHEELER STAVE COMPANY *v.* WRIGHT.

4-4673

Opinion delivered May 31, 1937.

Rowell, Rowell & Dickey, for appellants.

Madrid B. Loftin, Kenneth C. Coffelt and Wm. J. Kirby, for appellee.

BUTLER, J. The appellee brought this suit for damages against the appellants, a partnership engaged in the business of manufacturing staves, because of an injury alleged to have been sustained by him at a time when he was in its employ. The complaint alleged negligence on the part of appellants in the failure to furnish a safe stave buggy which appellee was pulling at the time of his injury; that the buggy furnished had weak, rotten and defective standards of which appellants knew, or, by the exercise of ordinary care and proper inspection, could have known; that because of the defective condition of the standards, one of them broke while appellee was rolling the buggy loaded with staves causing the staves to fall upon him and knock him to the floor inflicting severe injuries.

The answer denied the material allegations of the complaint. On the day set for trial, the appellants filed a motion for continuance because of the absence of certain witnesses. That motion was overruled and the case was submitted to a jury upon the pleadings and testimony adduced. There was a verdict and judgment for the appellee, from which is this appeal.

The principal contention is error of the trial court in refusing to instruct a verdict for the appellants. The request for an instructed verdict was based upon the contention (1) that the testimony failed to establish actionable negligence on the part of appellants or that same was the proximate cause of any injury sustained by appellee; (2) that whatever injury was sustained, if any, was occasioned by a risk assumed by the appellee and was the result of his contributory negligence.

We agree with the appellants that the record seems to present a case where the preponderance of the evidence is against the verdict. A number of witnesses, who were present at the time of the alleged incident from which the injury is said to have grown, contradict in round terms appellee's testimony to the effect that no accident happened and the appellee was not injured as he contended. The verdict must rest on the uncorroborated testimony of the appellee. The question as to where lies the preponderance of the evidence is not for us to say. That is the

duty of the trial judge, who, by his refusal to set aside the verdict, has set his seal of approval upon the truthfulness of the testimony given by the appellee. This conclusion, under settled principles of law, we are forced to adopt. We, therefore, treat the testimony of appellee as true and view it in the light most favorable to him, and if it appears from that testimony that there is substantial evidence to support the verdict, we, too, must approve it.

The material parts of appellee's testimony are as follows: On, or about, the 28th day of February, 1935, appellee was in appellant's employ as a common laborer and was engaged in the work of hauling staves over appellants' platform from the dry kiln to the sizing or jointing saws. In this operation, stave buggies were used. These were equipped with upright standards for the purpose of holding the staves in place upon the buggies. The standards fitted in sockets at the four corners of the buggies. It was the duty of the foreman to see that the buggies were kept in proper condition and that appellee and his fellow-workmen respectively, would take charge of the first buggy they came to and use it in the work; that the platform had holes in it, and, just before appellee's injury, he had loaded a stave buggy in the manner directed by the foreman, and in the operation of transporting the staves he pulled at the front of the buggy and a fellow-workman pushed from behind. Appellee saw the holes in the floor and knew they were there, and, in rolling the buggy along, one of its wheels fell in a hole, the standard broke, the staves fell off the buggy and upon him and knocked him to the floor. He immediately examined the condition of the standard which broke and found that it had become weakened by rot and that it was worm eaten. He notified the foreman of the accident, but thought that his injury was slight so continued at his work for that day and for several days afterward. He grew worse each day, however, and finally was forced to quit work after the eighth day of March. At that time he went to bed, notified the appellants of his need for medical attention, and was examined and treated by

a physician. He finally went to a hospital in Little Rock where he remained seventeen days and had an operation for a perineal abscess. Following this operation appellee developed a hernia and at the time of the trial was still disabled.

The physician who treated appellee testified that from the history of the case it was his opinion that the falling of the staves upon appellee's back was sufficient to cause his trouble; also, that in that type of injury the injured person is able to work for several days following the accident before inflammation sets up to a degree sufficient to cause pain enough to make it necessary for such person to cease to work.

The court submitted to the jury, under proper instructions, the duty of the master to furnish reasonably safe equipment and place for the servant to do his work, and also the duty of the master as to the exercise of ordinary care to keep such place and equipment in a reasonably safe condition; also, whether the lack of due care, if any, on the part of the master was the proximate cause of the injury. We are of the opinion that the testimony was sufficient to warrant the trial court in submitting these questions to the jury.

It is true, the master is not required to furnish absolutely safe appliances, as stated in the case of *Rice & Holiman* v. *Henderson*, 183 Ark. 355, 35 S. W. (2d) 1016. However, the master is required to exercise ordinary care to provide reasonably safe equipment and to keep it in that condition and to use ordinary care in inspecting the same. This is the effect of the rule stated in the cases cited by appellants. *St. L. I. M. & S. Ry. Co.* v. *Gaines*, 46 Ark. 555; *Graysonia-Nashville Lbr. Co.* v. *Whitesell*, 100 Ark. 422, 140 S. W. 592; *K. C. S. Ry. Co.* v. *Cook,* 100 Ark. 467, 140 S. W. 579; *Long* v. *Ellis,* 183 Ark. 137, 35 S. W. (2d) 66.

The trial court properly instructed the jury on the questions of assumed risk and contributory negligence. Under the testimony narrated above it was the duty of the foreman to keep the stave buggies in proper condition and although a defect might have arisen which

could have been discovered by the appellee by proper inspection, he cannot be said, as a matter of law, to have assumed the risk by failing to make such inspection in order to ascertain the condition of the buggy. *Rice & Holiman* v. *Henderson, supra.* Appellants contend, however, that the admission by appellee that he saw the hole in the platform into which the buggy in question ran bars his recovery because the risk was open and obvious. It was the defective standard however which was the alleged defect and the hole in the platform was only the contributing cause to its breaking. It was the defect which was not obvious that was the concurring cause of appellee's injury and it cannot be said, as a matter of law, that appellee was guilty of contributory negligence in using the buggy in its defective condition, or, that he assumed the risk. *Asher* v. *Byrnes,* 101 Ark. 197, 141 S. W. 1176; *Delight Lumber Co.* v. *Henderson,* 105 Ark. 334, 150 S. W. 868.

Complaint is made of the court's refusal to give appellants' requested instruction No. 10, which, in effect, would have told the jury that if the testimony should leave the cause of the injury complained of uncertain and show that one of two or more things might have caused the injury, for one of which the master might not. have been responsible, though liable for others, the jury should not speculate as to the cause of the injury and the verdict should be for the appellants. The requested instruction was abstract. If appellee was indeed, injured, there could have been no doubt as to the cause of such injury. Nor was the testimony in dispute. That on behalf of appellants was only to the effect that no such accident happened and that no injury occurred to appellee at that time, or any other.

The appellants requested, and the court refused, instruction No. 17, to the effect that standards of stave buggies are simple tools and that it was an equal duty of the servant and master to inspect them, and if appellee could have detected such defect by the exercise of ordinary care and failed to do so, he is barred from recovery. We think the instruction was properly re-

fused. Ordinarily the simplicity of a tool is but a circumstance to be considered by the jury in determining the duty resting upon the master in furnishing it and of the servant in using it. There are some tools so simple in their nature and in such common use as to preclude the idea of an inspection being necessary and their nature and use is as well known to the servant as to the master. But it cannot be said as a matter of law that stave buggies, consisting of several parts are tools of that simplicity which requires no ordinary care or inspection for maintenance in a reasonably safe condition. *McEachin* v. *Burks,* 189 Ark. 947, 75 S. W. (2d) 794.

In our opinion there was no abuse of discretion by the trial court in the overruling of appellants' motion for a continuance. This motion was based upon the absence of witnesses, Carl Sherill, Verlin Canfield, Aubrey Reed, Sam P. Sanders and J. C. Jentzsch. The granting or refusal of a motion for continuance is always within the sound discretion of a trial court and it is only in those cases where there is a manifest abuse of such discretion that this court will reverse for refusal of such motion. *Burford* v. *State,* 184 Ark. 193, 41 S. W. (2d) 751. If it be conceded that the evidence relating to due diligence offered in support of the motion for continuance is sufficient as to the witnesses Reed and Sanders, this expected testimony was cumulative to that given by other witnesses who appeared and testified for the appellants. In the statement relating to what these witnesses were expected to testify, the allegations were that they were present at the time of the accident to appellee and could have seen it had it occurred and that they would have testified that it did not occur. This is precisely the effect of other testimony introduced at the trial. The trial court, therefore, did not err in overruling the motion as to these witnesses. *Bryan* v. *State,* 179 Ark. 216, 15 S. W. (2d) 312.

As to the other witnesses, there was no testimony offered by way of affidavit or otherwise as to the efforts of appellants to procure their attendance at the trial. Therefore, no diligence was shown and the trial court

correctly overruled the motion. *Finley* v. *Clift*, 164 Ark. 190, 261 S. W. 319.

From the views expressed it follows that the judgment of the trial court is correct, and is, therefore, affirmed. To this conclusion the Chief Justice dissents on the grounds that the lower court abused its discretion in refusing a continuance and that the proof was insufficient to sustain the verdict. In this view Mr. Justice McHaney concurs.