JONESBORO COCA-COLA BOTTLING COMPANY *v.* HOLT.

4-4813

Opinion delivered November 15, 1937.

W. P. Smith and Arthur L. Adams, for appellant.

J. L. Merrell, for appellee.

MEHAFFY, J. The appellee, Houston Holt, began this action in the Lawrence circuit court against the appellant, Jonesboro Coca-Cola Bottling Company, to recover damages for personal injuries alleged to have been caused by the negligence of the appellant. He alleged that while he was crossing Main street, in the town of Hoxie, Arkansas, at a regular street crossing, he was knocked down by the defendant's truck driven by an employee of said defendant, in a careless, negligent and reckless manner, without due regard to the safety of plaintiff, by suddenly and without warning backing said truck against plaintiff, striking him, inflicting serious and permanent injuries. He prayed judgment for $3,000.

The appellant filed motion to quash service, which was overruled by the court, and thereafter filed its answer, alleging that if appellee was injured in any manner, that it was caused wholly and entirely from causes other than those alleged in the complaint, and that if he was injured as alleged in the complaint, such injury

was caused solely and entirely by the negligence of the appellee.

Houston Holt, the appellee, testified that he lived at Hoxie, is 30 years of age, has a family and is a common laborer; he named some of the people for whom he had worked; that his wages would be about $40 or $50 a month; he was injured in Hoxie about June 8, 1936; was going across the railroad in front of P. W. Woodyard's store; was going west and the Coca-Cola truck was on the west side of the street headed north; witness was on the regular street crossing; he was about a foot from the truck when it started backwards, and the back end of the truck hit him, it knocked the breath out of him; O. L. Davis helped him up, and he rode with Davis to Alicia; he suffered pain on the way and spit up a little blood; went to a doctor the next day; the doctor took witness to Newport for an X-ray; after he returned from Newport he was sick and confined to his bed about a week; Dr. Felts had him under treatment until he left and went to Texas; he was in Texas two months; had fever and had a hemorrhage; witness was in the hospital two or three days; he had been injured in accidents before; as he crossed the street he saw no car coming, and walked pretty fast to get across; did not hear the motor of the truck start, the driver of the truck shot it back two or three feet; as he crossed the street he did not notice whether anyone was in the truck.

Appellee's testimony was corroborated as to the truck's striking him and the manner in which it struck him, by other witnesses. Physicians testified as to his injuries.

There was conflict in the evidence as to manner in which he was struck by the truck and also as to the extent of his injuries.

There was a jury trial, a verdict and judgment for $3,000 and the case is here on appeal.

It would serve no useful purpose to set out the testimony in detail. While appellant insists that the evidence is not sufficient to sustain the verdict, it bases

this argument on the fact, as it alleges, that the evidence of appellee's witnesses is unworthy of belief.

It is argued that O. L. Davis, one of the witnesses for appellee, is wholly unworthy of belief because, it says, he is a murderer, and that he should now be in the penitentiary. The evidence shows that Davis was convicted of murder and sentenced for life, but after he had served a little more than eight months he was pardoned by the Governor, and after he went back home was elected justice of the peace. It is argued that another witness for appellee, Jake Stephens, was a thief and undertook to get money from appellant for making a statement.

The credibility of these witnesses and the weight to be given to their testimony were questions for the jury. If they believed this testimony, it was ample to sustain the verdict. Besides, the appellee himself testified that he was crossing the street and that the truck, without warning, suddenly backed against him and injured him.

Appellant cites the case of *Magnolia Petroleum Co.* v. *Saunders*, 193 Ark. 1080, 104 S. W. (2d) 1062, and says that on the authority of this case the testimony of Jake Stephens should be wholly disregarded.

The court in that case said: "When testimony of witnesses is out of harmony, and the explanations they make are contradictory, such controversy is properly referable to a jury, and determination of a fact in this manner, if submitted under correct instructions, will not be disturbed on appeal. But where personal testimony is at variance with physical facts, and such repugnance is material, and is also self-evident, improbable conclusions drawn in favor of a party litigant through the sanction of a jury's verdict will not, on appeal, be looked upon as inviolate if in conflict with recognized elements of time, mathematics, and the accepted law of physics."

It appears, therefore, under the case relied on, that the credibility of witnesses and the weight to be given their testimony in this case were to be determined by the jury. It was not at variance with physical facts, and the

argument made by appellant is on the credibility of the witnesses and the weight to be given to their testimony. This court, in a long line of decisions, has held that these are questions for the jury.

It is, also, contended by appellant that the appellee is not entitled to recover because he has undertaken to prove more than he has alleged in his complaint, and it calls attention first to *Sevier* v. *Holliday*, 2 Ark. 512. In that case the court said: "It is certainly true, as has been argued by the counsel, that every legal inference and presumption will be indulged in by this court which the pleadings and proof will warrant in favor of the verdict and judgment below. But where there is no basis to rest such presumptions upon, they are wholly inadmissible."

In the case of *Snow* v. *Grace*, 25 Ark. 570, relied on by appel'ant, the court said: "Upon this claim or indebtedness of $2,500 the jury assessed the damages and returned a verdict for $10,000. This being an action of *assumpsit* for goods sold, an ordinary suit on a contract, where the claim is defined, and the damages recoverable upon it, readily computed, we are unable to ascertain, even by the utmost stretch of the imagination, on what grounds, or upon what principle, the jury could return such an excessive verdict."

In the case just cited, there was a suit for $2,500, and a default judgment taken for $10,000.

Attention is, also, called to the case of *Payne-Huntington Company* v. *Flournoy*, 29 Ark. 500. The court said in that case: "Admit all that Payne says to be true, and that the new firm have succeeded to the assets of the late firm of Payne & Harrison, this fact can avail nothing because there are no averments in the complaint to that effect, and the evidence consequently has no application to the case as made by the pleadings."

Attention is, also, called to the case of *Hackney* v. *Butts*, 41 Ark. 393. The court said in that case: "Hickey's name not being mentioned either in the body of the deed, or in the attestation of it, the deed has no operation against him; and parol evidence of an intention

to bind him is not admissible. * * * There was no aver-
ment in the answer that Butts, in purchasing, acted as
Hackney's agent, and proof without allegation is as bad
as allegation without proof."

We are of opinion that these cases have no appli-
cation to the facts in this case. It is the settled rule
of this court that, in cases where evidence is admitted
without objection, the complaint will be considered
amended to conform to the proof. If there is objection
made to the evidence, the trial judge may admit the evi-
dence, and if necessary, give the adverse party an op-
portunity to prepare to meet it.

It is conceded that the jury is not required to return
separate amounts for pain and suffering, and loss of
earnings, but as contended by appellant, in considering
this question, this court will consider the question of
whether the verdict was excessive.

The court gave numerous instructions, none of
which were objected to by the appellant, and the court
covered every feature of the case in the instructions
given, and there was no error in the court's refusal to
give the instructions requested by appellant.

After the jury had considered the case for some
time, they returned to the court and reported they were
unable to agree, and one of the jurors asked the court if
the jury would have the right to disregard the whole of
any witness' testimony. The court then told the jury
that they should weigh the testimony under the rules
which the court had given them, and they would have
the right to disregard the whole or any part of any wit-
ness' testimony if they felt like they had not told the
truth.

The appellant objected to this instruction because
it said this instruction of the court was to cause the jury
wholly to disregard the testimony of Panneck, and also
that Panneck's evidence was supported by physical facts
and the testimony of White and Woodyard.

There is nothing in the record indicating that the
court or the jurors made any reference to Panneck's
testimony, but the court told them in effect that they

were at liberty to disregard the whole or any part of a witness' testimony if they thought it was false. Of course, they could not disregard either the whole or any part of any witness' testimony which they thought to be true, and the jury evidently understood this.

The court gave instruction No. 10, which reads as follows:

"I instruct you, gentlemen, that a witness may be impeached by showing that his general reputation in the community where he resides for truth and morality is bad, or that he has made statements or testified out of court contrary to his testimony given on the witness stand in the trial of this cause. Although, gentlemen, you may believe that any witness has been successfully impeached here in either of those manners, still if you believe that the witness has testified the truth in this case, you have a right to believe the whole or any part of his testimony or to disregard the whole or any part of it."

Appellant says, in his objection to the court's answering the jury's question, that instruction No. 10, just quoted, was clearly pointed at Jake Stephens, and that instructions 10 and 11 are not a complete statement of the rule. Appellant made no objection to either of these instructions when requested and no suggestion of any error in them was made until it was made in appellant's brief.

There was no error in the court's permitting the jury to separate.

Appellant's motion to quash service was properly overruled. Act No. 70 of the Acts of 1935; *Yocum* v. *Okla. Tire & Supply Co.*, 191 Ark. 1126, 89 S. W. (2d) 919.

Appellant contends very earnestly that the evidence of appellee's witnesses is unworthy of belief. This court does not pass on the credibility of witnesses or the weight of their testimony. This is a matter entirely within the province of the jury. It is its duty alone to pass on such questions. The fact that this court might believe that the evidence was unworthy of belief, or that the verdict was against the preponderance of the evidence, does not justify the court in disturbing the verdict or setting it aside.

"The fact that the appellate court would have reached a different conclusion had the judges thereof sat on the jury, or that they are of the opinion that the verdict is against the preponderance of the evidence, will not warrant the setting aside of a verdict based on conflicting evidence." 4 C. J. 859, 860.

"The verdict of a jury cannot properly be disturbed on appeal merely because of its appearing to be against the clear weight of the evidence, or because, if we were to pass upon the matter as seen in the printed record, we might find differently than the jury did. If the verdict has any credible evidence to support it; any which the jury could in reason have believed, leaving all mere conflicting evidence, evidence short of matter of common knowledge, conceded or unquestionably established facts and physical situations, it is proof against attack on appeal, and that must be applied so strictly, on account of superior advantages of court and jury for weighing the evidence, that the judgment of the latter approved by the former is due to prevail, unless it appears so radically wrong as to have no reasonable probabilities in its favor after giving the legitimate effect to the presumption in its favor and the makeweights reasonably presumed to have been rightly afforded below which do not appear, and could not be made to appear, of record." *Barlow* v. *Foster,* 149 Wis. 613, 136 N. W. 822; *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S. W. (2d) 689; *Mathis* v. *Magers,* 191 Ark. 373, 86 S. W. (2d) 171; *Smith* v. *Arkansas Power & Light Co.,* 191 Ark. 389, 86 S. W. (2d) 411; *George* v. *George,* 191 Ark. 799, 88 S. W. (2d) 71.

The questions of the negligence of appellant and contributory negligence of appellee were submitted to the jury under proper instructions of the court, and instructions not objected to by the appellant. Its verdict is conclusive.

We find no error, and the judgment is affirmed.

GRIFFIN SMITH, C. J., dissents.