ARKMO LUMBER COMPANY *v.* LUCKETT.

4-6058                                                   143 S. W. 2d 1107

Opinion delivered October 21, 1940.

*Shane & Fendler,* for appellant.

*Neill Reed* and *Zal B. Harrison,* for appellee.

MEHAFFY, J. This action was instituted by Mrs. J. A. Luckett who sued as administratrix of the estate of J. A. Luckett, deceased, and in her own behalf against the Arkmo Lumber Company, a corporation. She alleged in her complaint that on November 22, 1938, J. A. Luckett was driving his Chevrolet automobile in a careful, cautious and lawful manner along state highway No. 18 in Mississippi county en route to his home in Dell; at the same time a servant and employee of appellant, in the course of his employment and while transacting its business, was driving a motor truck loaded with brick along said highway in the opposite direction; that the driver of the truck carelessly and negligently drove the truck into and against the automobile driven by J. A. Luckett with such force and violence that the automobile was demolished, and J. A. Luckett was cut, bruised, lacerated and otherwise injured, which injuries resulted in his death in a short time; it was alleged: first, that appellant's servant was careless and negligent in driving at an excessive and dangerous rate of speed; second, in failing to keep the truck under proper control; third, in driving the truck on the wrong side of the road; fourth, in failing to slow down as he approached deceased's car; fifth, in failing to keep a proper lookout.

The car was damaged in the sum of $500 and Dr. Luckett suffered great physical pain and mental anguish, to plaintiff's damage in the sum of $25,000; that appellee was at the time of the injury the wife of J. A. Luckett, and is now his widow; at the time of Luckett's injury he was 59 years of age, was earning $7,500 per year; was in good health, strong, sober and industrious, and contributed the major part of his earnings to the support of appellee; by reason of the loss of the comfort and companionship of her husband, and his earnings and contributions to her, she was damaged in the sum of $50,000.

The appellant filed answer denying each and every material allegation of the complaint, except as to the authority of appellee to sue, and as to the corporate character of the appellant. It specifically denied that the driver of the truck was guilty of any carelessness or negligence in the operation of the truck, and denies that the truck was driven at an excessive and dangerous rate of speed; denies that it was not under proper control, and that it was driven on the wrong side of the highway; denies that it was not properly handled in the emergency, and when the accident happened, or that the driver failed to keep a proper lookout; denies that its driver was guilty of any negligence which was the proximate cause of the injury; denies that deceased was earning $7,500 per year prior to his death, and denies that appellee was damaged in the sum of $50,000 or that any damage was due to any carelessness or negligence on the part of appellant. It pleaded contributory negligence on the part of the deceased.

There was a trial and verdict and judgment in favor of appellee for $10,000 and also a verdict in favor of appellee, as administratrix, for $200 for car damage; and the jury found that there was no conscious pain or suffering. Motion for new trial was filed and overruled, and the case is here on appeal.

W. E. Lawhorn, a surveyor, witness for appellee, had made and introduced a plat and described the meaning of the notations on the plat.

Arthur Jackson, colored, testified in substance that he remembered when Dr. Luckett was killed; he was standing in his yard at the time the doctor passed, and the doctor was driving on the right side of the road; he was driving at an ordinary rate of speed like he always had; never saw him drive fast; been with him many times and saw no wobbling in the car; he was driving in his usual way on his side of the highway; he just happened to be standing in his yard and knew the doctor when he passed.

J. W. Meyer testified in substance that he lived in Blytheville, was the engineer in charge of drainage district No. 7; knew Dr. Luckett and remembers the time of his being killed; passed him on highway 18 about a mile and a half from Dell directly beyond the curve going toward the lake; as witness passed him he waved at him and saw nothing unusual as he passed; had passed him many times, and that time was just like the others; he was on the right side of the road; does not know what kind of driver he was, but he never seemed to go at excessive speed; witness was traveling 50 or 60 miles an hour, but Dr. Luckett was not going so fast; does not remember the Arkmo lumber truck; witness passed several cars and may have passed the truck.

Mrs. Carl Davis testified in substance that she remembers the occasion when Dr. Luckett was killed on highway 18; hers was the second car that approached after the accident; she stopped long enough to find out who it was; she then went and got some parties to telephone; Mrs. Johnson and witness took Mrs. Luckett to the scene of the accident; witness took Mr. Belknap, who was in the wreck, to Dell in her car.

W. A. Whistle testified in substance that he lives on highway 18 and has been in the county since 1918; knew Dr. Luckett well, and he had been his family doctor part of the time; he arrived at the scene of the accident in his car and did not see any others at the time; the next he saw was Mrs. Davis' car; the doctor was lying on the ground; thinks there was some glass, and there was a track where the truck went off the south

side; did not recall that he checked the tire marks; the glass and dirt were south of the center of the road, which would be on the doctor's side of the road; had known Dr. Luckett since 1920; the doctor was a slow driver; when witness arrived at the scene of the accident Dr. Luckett was alive and seemed to be unconscious.

B. G. Gaines, colored, testified in substance that he did not see the accident, but it occurred in front of his house; he heard the rumbling and when he came to the door saw Dr. Luckett's car right in front of the door; Dr. Luckett was flat on his back with his head south; his hands almost touching the running board; he was breathing; saw glass and tire marks where the cars ran together; Dr. Luckett's car was facing west, as if it had been turned around; the tire marks and broken glass were on Dr. Luckett's side of the road.

James Thomas, colored, testified in substance that he did not see the accident, but when he went out of the house Dr. Luckett was hanging out of the car; his feet and body were out; saw broken glass and mud and marks on Dr. Luckett's side of the road; when asked if Dr. Luckett was conscious he answered that he did not say anything, but he knew he was alive.

William Harris, colored, testified in substance that he and the truck driver took the doctor out of his car; he was alive; could see him breathe a little; witness did not see the accident; Dr. Luckett was unconscious.

Matt Jones, colored, testified in substance that he did not see the accident, but heard the collision and looked up; thinks Dr. Luckett was still alive when he arrived.

Don Burton testified in substance that he looked at the marks on the road and they were made by diamond tread tires; diamond tread prints were across Dr. Luckett's vest; could see the dust and dirt and skid of the tires south of the black line on the highway; the collision occurred 18 or 20 inches south of the center line of the road; the truck was on the north side of the road, 20 or 30 steps from the car; there were tire marks of the wrecked car from where the impact started; the mark

was made by the left front tire of the car; witness could tell because that tire was flat.

Louis Freeman, Tull Johnson, W. W. Simpson and Earl Magers all testified about seeing the place of the accident and about skid marks.

Mrs. Luckett was recalled and testified that they had been married 30 years; the doctor was 59 years old, and that he provided for his family well; his income was about $7,000 and he spent all of his income on his family; he was driving a Chevrolet coupe and it was in good repair; Dr. Luckett had a good practice.

Dr. J. L. Tidwell testified about tread marks, and he noticed tread marks of an automobile casing over his body; did not find any other marks sufficient to cause death.

There was considerable evidence tending to show that the accident occurred on Dr. Luckett's side of the road; that the doctor was a careful driver; never drove fast. Some of the evidence of appellee was contradicted by witnesses for appellant. There was, however, substantial evidence tending to show that the accident was caused by the negligence of the driver of the truck, and that there was no negligence on the part of Dr. Luckett. Some of appellant's witnesses testified that they had seen Dr. Luckett take one or more drinks of liquor. The evidence about his drinking, however, was contradicted by witnesses put on for rebuttal by appellee.

It is unnecessary to set out this evidence, because whether he was negligent or not, and whether the truck driver was negligent, were questions of fact and were determined by the jury.

At the close of appellee's evidence, the appellant asked the court to direct a verdict for it, and made the same request at the close of all the evidence. Both requests were refused by the court.

It is first contended by the appellant that there is no substantial evidence to sustain the verdict and judgment, and that the court erred in giving appellee's instruction No. 3.

In determining whether there was sufficient evidence to submit the cause to the jury, the rule is that if appellee offers any substantial evidence upon which the verdict is based, this court cannot disturb it.

"This court has said: 'We will not reverse the judgment because of the insufficiency of the evidence, for, as we view this evidence, it is not physically impossible that appellee was injured as a result of stepping into an unblocked frog, although it is highly improbable that the injury was caused in that manner.' *Mo. & N. A. Ry. Co.* v. *Johnson,* 115 Ark. 448, 171 S. W. 478." *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S. W. 2d 689.

It is thoroughly settled that if there is substantial evidence to support a verdict, this court will not set it aside, although it may appear to us that the verdict is against the preponderance of the evidence, because it is the province of the jury to pass on the credibility of the witnesses and the weight to be given to their testimony. This court has no means of determining the credibility of witnesses; that is, it does not have the opportunity that the jury and trial court have. Substantial evidence does not necessarily mean direct evidence. A fact may be proved by circumstances.

"The settled rule, which has been many times approved by this court, is that a well connected train of circumstances is as cogent of the existence of a fact as an array of direct evidence, and frequently outweighs opposing direct testimony, and that any issue of fact in controversy can be established by circumstantial evidence when the circumstances adduced are such that reasonable minds might draw different conclusions." *Pekin Wood Products Co.* v. *Mason,* 185 Ark. 166, 46 S. W. 2d 798; *St. Louis, I. M. & So. Ry. Co.* v. *Hempfling,* 107 Ark. 476, 156 S. W. 171; *St. Louis, I. M. & So. Ry. Co.* v. *Owens,* 103 Ark. 61, 145 S. W. 879; *Midland Valley Ry. Co.* v. *Ennis,* 109 Ark. 206, 159 S. W. 214; *St. Louis-San Francisco Ry. Co.* v. *Bishop,* 182 Ark. 763, 33 S. W. 2d 383.

There is evidence that Dr. Luckett was seen shortly before the accident, apparently driving carefully, not driving fast; that the accident took place on his side of

the road; that the tire tracks and glass and debris indicated that the collision occurred on his side of the road; and the jury had a right to believe this evidence.

" 'The law is well settled that where there are no eye-witnesses to the injury, and the cause thereof is not established by affirmative or direct proof, then all the facts established by the circumstances must be such as to justify an inference on the part of the jury that the negligent conditions alleged produced the injury complained of. Where such is the case, the jury are not left in the domain of speculation, but they have circumstances upon which, as reasonable minds, they may ground their conclusions. Negligence that is the proximate cause may be shown by circumstantial evidence as well as direct proof. . . . It will be sufficient if the facts proved are of such a nature and are so connected and related to each other that the conclusion therefrom may be fairly inferred.' " *St. Louis-San Francisco Ry. Co.* v. *Bishop,* *supra.*

The appellant has discussed the doctrine of *res ipsa loquitur* and cited a number of authorities. We do not discuss this question for the reason that we think it has no application in this case; but the law in this case is that the burden was on appellee to prove negligence, not necessarily by direct evidence, but by circumstantial evidence, as we have realy discussed.

It is then argued that the driver of appellant's truck was not a party to the suit, but was an employee of appellant and that he had no interest in the suit. On the contrary, he was charged with negligence causing the death of Dr. Luckett, and, of course, was interested, just as much as the appellant.

It is next contended by the appellant that the court erred in giving appellee's instruction No. 3, which reads as follows:

"You are instructed that it is the duty of one driving a motor vehicle on a public highway to keep a constant lookout for, and to expect and anticipate the presence of others upon the highway, and to drive at a careful rate of speed, not greater than is reasonable, having due

regard to the traffic and safety of others, and it is the duty of such driver to keep his vehicle under such control as to be able to check the speed or stop, if necessary, to avoid injury to others, when danger is apparent. It is further duty when passing a vehicle proceeding in the opposite direction to pass to the right, giving to the other at least one-half of the highway, as nearly as possible. And if you find from the evidence in this case that the defendant's driver, in charge of its truck, at the time of the alleged injury, negligently failed to observe any of the duties required of him, and that the plaintiff was injured thereby, then you should find for the plaintiff, unless you find for the defendant under other instructions given you.''

The objections to this instruction by appellant were, first, that it did not take into consideration any exceptions by way of emergencies that might arise, and for the further reason that it tells the jury that it would be up to the defendant to keep his vehicle under such control as to be able to check his speed or stop, if necessary, when danger is apparent without regard to when that danger became apparent. The court, however, gave six instructions requested by appellant that submitted the questions raised by appellant. We call special attention to No. 3 given at the request of appellant, which reads as follows:

''You are instructed that a motor vehicle driver, who through negligence of another driver, and not through his own negligence, is suddenly confronted with an emergency, and is compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary caution and prudence placed under such a condition might reasonably make, even though he does not make the wisest choice. Therefore, if you find from a preponderance of the evidence in this case that Raymond Belknap, the driver of the truck, while in the exercise of ordinary care and prudence, and, by reason of the negligence, if any, on the part of the deceased, discovered himself to be in a perilous position and forced to act instantly, he would not

be guilty of negligence if, while acting as an ordinarily careful and prudent person would act under similar circumstances and conditions, he undertook to go around the car of the deceased to the left to avoid a collision, if you find from a preponderance of the evidence that he did so for such purpose and while acting as an ordinarily careful and prudent person, although it may now appear that it would have been wiser for him to have chosen some other course.''

We think the court committed no error in giving instruction No. 3 at the request of the appellee. The instructions as a whole correctly stated the law to the jury. The jury could not have been misled.

Appellant contends that whatever case the appellee made was based on presumption. There is no presumption about the place where the tread tracks were found, no presumption about Dr. Luckett's being on the right side of the road, and no presumption about the glass and mud being found at a certain place. These are all facts proved by witnesses.

Appellant says that when there is testimony tending to show that an accident may have resulted from several causes, one of which did not involve negligence of defendant, the doctrine of *res ipsa loquitur* does not apply. We think, as we have already said, that the doctrine does not apply, and the appellant is correct in this contention.

Before appellee could recover, she had to show by a preponderance of the evidence that the truck driver was guilty of negligence that caused the accident, and if there was any evidence that Dr. Luckett was guilty of contributory negligence, this would bar her recovery. She was not required, however, to prove negligence by direct evidence, but as we have already said, it might be proved by circumstantial evidence.

Having reached the conclusion that there is substantial evidence to support the verdict, and that the court did not err in its instructions, the judgment is affirmed.