OCKER *v.* NIX.

4-6441                                              155 S. W. 2d 58

Opinion delivered October 27, 1941.

*Paul E. Gutensohn* and *Warner & Warner,* for appellant.

*Franklin Wilder* and *Partain & Agee,* for appellee.

McHANEY, J.   Appellee and one Fred Carson, a minor, by his father and next friend, brought this action against appellant to recover damages for personal in-

juries sustained by them as a result of a collision between a car in which they were riding and an ambulance owned and being operated at the time by the employees of appellant and on her business. The negligence alleged and relied on is that appellant's employee, one Mitchell, was driving the ambulance on the wrong or left side of the road and "at a high, illegal and unreasonable rate of speed, to-wit, seventy-five miles per hour, on a bend and curve of said road." Appellant answered with a general denial of all material allegations of the complaint and a plea of contributory negligence. She also filed a cross-complaint against appellee claiming careless and negligent operation of his car, which caused damage to her ambulance in the sum of $311.28, for which she prayed judgment. Carson elected not to proceed with his action and did not appear as a witness in the case although he was riding in the car with appellee at the time as a guest. Issue was joined on the cross-complaint by a general denial of its allegations.

Trial resulted in verdicts and judgments against appellant for $1,318 for personal injuries to appellee and $341 for damages to his car. This appeal followed.

For a reversal of these judgments appellant first contends there is no substantial evidence to support them and that the court should have directed a verdict in her favor at her request. Counsel for appellant conceded in oral argument that unless the physical facts belie appellee's testimony so as to render it unsubstantial, then they are in error in making this contention. The mere fact that appellee stands alone in his testimony as to how the collision occurred and that he is contradicted by several witnesses, five of whom live near the scene of the accident and at least two of whom saw it, in addition to the driver of the ambulance and another employee of appellant riding therein, does not justify us in saying there was no substantial evidence to support the verdicts and judgments and in reversing and dismissing the action. It does appear to us that the great preponderance of the evidence was contrary to the jury's finding, and, if it so appeared to the trial court, it was his duty to set the verdicts aside and grant a new trial. But that was a ques-

tion for that court to determine. The motion for a new trial was overruled and that was tantamount to a holding that the preponderance lay with appellee's uncorroborated evidence. Many cases might be cited to support the rule that the uncorroborated testimony of the appellee is substantial, one of the late cases being *Norton & Wheeler Stave Co.* v. *Wright,* 194 Ark. 115, 106 S. W. 2d 178, where the late Mr. Justice BUTLER, speaking for the court, said: ''We agree with the appellants that the record seems to present a case where the preponderance of the evidence is against the verdict. A number of witnesses, who were present at the time of the alleged incident from which the injury is said to have grown, contradict in round terms appellee's testimony to the effect that no accident happened and the appellee was not injured as he contended. The verdict must rest on the uncorroborated testimony of the appellee. The question as to where lies the preponderance of the evidence is not for us to say. That is the duty of the trial judge, who, by his refusal to set aside the verdict, has set his seal of approval upon the truthfulness of the testimony given by the appellee. This conclusion, under settled principles of law, we are forced to adopt. We, therefore, treat the testimony of appellee as true and view it in the light most favorable to him, and if it appears from that testimony that there is substantial evidence to support the verdict, we, too, must approve it.''

The undisputed facts show that appellee was driving his car east on Bond Special road which was graveled and that the ambulance was going west when they collided on a curve in the road, the outside of which was on the side to the north. Appellee says the ambulance was driven across the center of the road and on to his side, and, in an attempt to avoid the collision, he cut his car sharply to his right and into a ditch, but failed to escape. His car was struck on the left front fender just behind the bumper, knocking off the left front wheel and stripping the left side of his car. The left front wheel of the ambulance was knocked back under the fender. After the impact the ambulance went forward from two to four feet and the bent under wheel cut out

a depression in the gravel and the ambulance was knocked some short distance to its right, and stopped on its own right side of the road. Appellee's car came to a stop about 15 feet behind the ambulance and headed across the road to its left. Appellant says the car did not go into the ditch on its right and a number of witnesses so testified as they saw no tracks so showing. She also says her ambulance was on its own proper side of the road as conclusively demonstrated by its position on the road after the collision. We are unwilling to say that these conclusions necessarily follow. Appellee's car suffered some injury to its right side which he said was caused by striking the bank of the ditch. This injury to the right side of his car is corroborative of appellee's statement that he ran his car into the ditch in an effort to avoid a collision on his side of the road. The position of the ambulance and the car on the road, as also the marks or tracks made by each, or lack of tracks, was a part of the evidence tending to establish appellant's contention, and were circumstances for the consideration of the jury. They were not such physical facts as conclusively establish the incorrectness of appellee's testimony nor were they opposed to any unquestioned law of nature. In *St. L. S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768, it was said: "Appellate courts take notice of the unquestioned laws of nature, of mathematics, of mechanics and of physics. So where there are undisputed facts shown in the evidence, and by applying to them the well known laws of nature, of mathematics and the like, it is demonstrated beyond controversy that the verdict is based upon what is untrue and what cannot be true, this court will declare as a matter of law that the testimony is not legally sufficient to warrant the verdict. In the case at bar the conditions surrounding the plaintiff, as testified to by the defendant's witnesses, furnish a very strong argument against the credibility of his testimony, but this is as far as the record authorizes us to go. It cannot be said that the testimony of the plaintiff is contradicted by the physical facts or is opposed to any unquestioned law of nature. His testimony related to matters, situations and conditions which might or might not have existed,

and his right to recover depended wholly upon the truth or falsity of his testimony. His testimony was, therefore, evidence of a substantial character and if believed by the jury, was sufficient to warrant a recovery in this case."

The so-called physical facts here were dependent upon the testimony of witnesses who contradicted appellee as to how the accident occurred and were for the jury to consider together with all the other facts and circumstances.

It is next argued that the court erred in giving instruction No. 2 at appellee's request. This instruction told the jury that if they found that the ambulance was driven on its left-hand side of the center of the road and ran into and struck the car of appellee, he would be entitled to recover unless he was guilty of contributory negligence. The criticism of this instruction is that it is abstract and was not based on any substantial evidence. Since, as we have already shown, there was substantial evidence, the objection to this instruction cannot be sustained.

It is next said that the court erred in permitting one of counsel for appellee to make a prejudicial argument to the jury, and in not declaring a mistrial because thereof. We cannot agree. The court sustained appellant's objections to the remarks when made and instructed the jury not to consider them. The remarks objected to had nothing to do with the merits of the case and were more in the nature of a "spat" between counsel, and appear to be in response to something said by one of counsel for appellant. No error was committed in refusing to declare a mistrial.

It is finally insisted that the verdict is excessive both as to personal injuries and the damage to the car. Without detailing the injuries suffered by appellee as supported by substantial evidence, we think the award is not excessive. The amount allowed for damage to the car was $341. The repairs cost $156. It is said this verdict is excessive by the difference between these two amounts. We do not think that follows, because it is well known, or at least the jury had the right to find, that a repaired car is never the same as it was before the injury.

The judgment is accordingly affirmed.