BRIDGFORTH *v.* VANDIVER.

5-770                                           284 S. W. 2d 623

Opinion delivered December 12, 1955.

*Jack P. West* and *E. J. Butler,* for appellant.

*Mann & McCulloch,* for appellee.

PAUL WARD, Associate Justice. This action was instituted by appellants, Blanche Bridgforth and [her husband] Otto R. Bridgforth, against appellee, Francis Vandiver, to recover damages for alleged injuries to Mrs. Bridgforth resulting from an automobile collision caused, allegedly, by the negligence of appellee.

Appellee pleaded contributory negligence on the part of Mrs. Bridgforth, the driver of one of the vehicles. The cause was submitted to the jury upon instructions which are not questioned on this appeal, and a verdict was returned in favor of appellee. As recognized by appellants this court would not be justified, in the situation outlined above, in setting aside the verdict of the jury unless it is shown by the record that there is no substantial evidence to support the jury in a finding that appellee was not negligent and also that there is no substantial evidence in the record to support the jury in a finding that Mrs. Bridgforth was contributorily negligent. In other words, if we find from the record substantial evidence from which the jury might have found that appellee was not negligent or if we find substantial evidence from which the jury might have found that Mrs. Bridgforth was guilty of contributory negligence, then it is our duty, under well recognized rules, to affirm the judgment of the lower court.

The accident involved here took place on January 6, 1954, around 5:00 P. M. at the intersection of North Rosser Street and Garland Street in the City of Forrest City, Arkansas. North Rosser Street is 36 feet wide and runs north and south while Garland Street is 30 feet wide and runs east and west. There are two stop signs on

Garland Street— one at the northeast corner of the intersection and one at the southwest corner of the intersection. The location described is near the business district and there is a building at or near the corner of each block adjacent to the intersection. At the time of the accident it appears that automobiles were parked on the west side of North Rosser Street near the intersection on the north side thereof, and also cars parked on the north side of Garland Street near the intersection on the west side thereof. Mrs. Bridgforth was driving her husband's car south on North Rosser Street and appellee was driving a pickup truck east on Garland Street, each vehicle being on the proper side of the street. When the front end of appellee's pickup truck was about half way between the center line and the west line of North Rosser Street it was hit by or collided with the front end of the automobile being driven by Mrs. Bridgforth. Appellants' witness stated that the automobile traveled 20 feet into the intersection and appellee's pickup truck traveled 10 feet into the intersection when the collision occurred. After the collision appellee's pickup truck came to a stop on the east side of North Rosser Street and the automobile traveled across North Rosser Street, hit the curb at the southeast corner of the intersection and came to rest about the middle of Garland Street—a distance of approximately 90 feet from the place of the collision.

Mrs. Bridgforth and the appellee were the only eye witnesses to the accident. Mrs. Bridgforth states that she was traveling about 25 MPH when she approached the intersection, that when she was about 50 feet from the intersection she looked to the right and saw no one approaching along Garland Street from the west, and that when she was about two-thirds of the way across the intersection her car and appellee's truck collided, and; that when she did see appellee's truck coming into the intersection she tried to turn her wheel just as the pickup truck and car collided, and her car was knocked out of her control. She also stated that there was a 30 mile speed limit sign on North Rosser Street.

Appellee testified that when he came close to the intersection he slowed his truck down and shifted gears but that he did not come to a complete stop as he did not think it was necessary; that he looked both ways and couldn't see any one coming in either direction; that after he got a few feet out into the intersection the right front of the automobile struck his truck square on the front axle, turning his truck slightly to the right; that when he stopped his truck on the east side of North Rosser Street the automobile had already hit the telephone pole across the intersection. He stated that he was going about 25 MPH when he was in the middle of the block before he slowed down for the intersection and that he did not dash out in front of Mrs. Bridgforth. He also states that he thinks he got into the intersection first and that when he first saw the automobile it was only 6 or 8 feet away.

The above factual situation, we think, is sufficient to present a jury question. After a careful consideration we have concluded that there was substantial evidence from which the jury might have found that Mrs. Bridgforth was driving at a careless rate of speed commensurate with the possibilities of danger lurking at the particular intersection she was approaching. The jury might have believed that Mrs. Bridgforth could not have had a clear view of cars approaching the intersection from the west on Garland Street due to the fact that parked cars might have obstructed her view and consequently that she was under the duty of keeping her car under control better than she did. This possible view is strengthened by the fact that her car traveled some 90 feet after the collision. Likewise the jury had a right to conclude that appellee was telling the truth about the speed of his pickup truck since he brought it to a stop within such a short distance.

This court has heretofore had occasion to pass upon questions similar to the one presented here where the evidence of negligence was slight and in these cases we have announced rules which we think are applicable here. We have of course many times stated that this court will not

disturb the verdict of a jury if it is supported by substantial evidence.

In the case of *Baldwin* v. *Wingfield,* 191 Ark. 129, 85 S. W. 2d 689, a similar close question was considered, and the court said: ''It may be that it is improbable that the injury occurred in the instant case as stated by the appellee but it is not physically impossible.'' And again it was there stated: ''The fact that the appellate court would have reached a different conclusion had the judges thereof sat on the jury, or that they are of the opinion that the verdict is against the preponderance of the evidence, will not warrant the setting aside of the verdict based on conflicting evidence.'' In the case of *Jonesboro Coca-Cola Bottling Company* v. *Holt,* 194 Ark. 992, 110 S. W. 2d 535, it was stated that the credibility of witnesses and the weight to be given their testimony were questions for the jury. In the case of *Arkmo Lumber Company* v. *Luckett,* 201 Ark. 140, 143 S. W. 2d 1107, it was stated that: ''Substantial evidence does not necessarily mean direct evidence. A fact may be proved by circumstances,'' and it was also there stated that if there is substantial evidence to support a verdict of the jury this court will not upset it although it may appear to us it is against the preponderance of the evidence. In the case of *Ocker* v. *Nix,* 202 Ark. 1064, 155 S. W. 2d 58, the court made an announcement, at page 1067 of the Arkansas Reports, which, in reverse, we think is applicable here. In discussing this question the court said: ''In the case at bar the conditions surrounding the plaintiff, as testified to by the defendant's witnesses, furnish a very strong argument against the credibility of his testimony but this is as far as the record authorizes us to go. It cannot be said that the testimony of the plaintiff is contradicted by the physical facts or is opposed to any unquestioned law of nature.''

And so in this case, while we might not agree with the conclusion reached by the jury, we cannot say that this conclusion is not supported by substantial evidence as we have many times defined that phrase. Here the physical facts and circumstances not only do not belie

the jury's verdict but to some extent at least they support it.

Appellants specifically call attention to Ark. Stats., § 75-623(b) which in effect provides that where a driver encounters a stop sign at an intersection he must proceed cautiously and yield to other vehicles not so obligated to stop. Violation of this statute however, if it was violated, did not constitute negligence but was only evidence of negligence to be considered by the jury. See *Rogers* v. *Stillman,* 223 Ark. 779, 268 S. W. 2d 614. Not only is this true but it would have been necessary for the jury to find such violation to be the proximate cause of the collision. See *Mays* v. *Ritchie Grocer Co.,* 177 Ark. 35, 5 S. W. 2d 728. We must of course assume that the jury did consider these features of the case if they were properly submitted by instructions, and if they were not appellants are now in no position to object.

Affirmed.

Justices GEORGE ROSE SMITH and ROBINSON concur.

GEORGE ROSE SMITH, J., concurring. This case, involving an appeal by the plaintiff after a verdict for the defendant, is not really one calling for an application of the substantial evidence rule. That rule is properly used as a test only for the plaintiff's evidence, either upon an appeal by the defendant after a verdict for the plaintiff or upon an appeal by the plaintiff after the trial judge has directed a verdict for the defendant. The rule is applicable to the defendant's evidence only in those instances in which by his pleading he assumes the burden of proof and thus in effect becomes the plaintiff.

Of course the reason for this difference is that the plaintiff alone has what Wigmore aptly describes as "the risk of non-persuasion." Wigmore, Evidence, § 2487. The plaintiff must introduce substantial evidence to establish his cause of action, else he is not entitled to have the matter submitted to the jury. But no similar burden rests upon the defendant. Unlike the plaintiff, the defendant is free to offer no evidence at all, and there is

still a question for the jury except in those rare cases in which the plaintiff's proof involves no question of credibility and so overwhelmingly establishes his cause of action that no fairminded man could fail to be persuaded by it—in short, when the proof is so conclusive that the court would be justified in directing a verdict for the plaintiff.

There is much support for the premise that it is never proper for the trial judge to direct a verdict for the plaintiff in a case like this one, involving an issue of negligence, since the standard of conduct to be expected of a reasonably prudent man is peculiarly a matter for the jury. But even if we accept the view that the trial judge can sometimes direct such a verdict without encroaching upon the jury's province, this is plainly not a case of that kind. The plaintiff's version of the accident depends solely upon her own testimony, which presents an issue of credibility for the jury. The defendant was not required to offer any proof whatever, much less any substantial evidence; the plaintiff's testimony itself presented a jury question.

The majority, in their search for substantial evidence, overlook the fact that this court ordinarily reviews the rulings of the trial court rather than the conclusions of the jury. Whenever the substantial evidence rule comes into play the reversible error lies in the trial court's action in submitting or refusing to submit the case to the jury. In the case at bar the trial judge allowed the case to go to the jury, which found for the defendant. Thus to prevail upon this appeal the plaintiff must show that the court was wrong in submitting the issues to the jury —in other words, that the court should have directed a verdict for the plaintiff. It is only necessary to state the facts in order to show that such a contention is without merit. I write this concurring opinion only because it seems to me that the majority opinion tends to obscure what is really a basic principle in the appellate review of jury trials.